PARKER STAVE COMPANY *v.* HINES.

4-7764                                        190 S. W. 2d 620

Opinion delivered December 3, 1945.

*J. Ed Morneau* and *Arnold & Arnold,* for appellant.

*McRae & Tompkins,* for appellee.

MILLWEE, J. The question to be determined by this appeal is whether appellee, John Dorris Hines, was an independent contractor or an employee of appellant, Parker Stave Company, at the time of his injury on

April 28, 1944, when a log rolled from a truck which was being loaded and struck appellee, crushing his foot. The claim for compensation was resisted by the stave company and its insurance carrier on the ground that appellee was an independent contractor, and not an employee, at the time of his injury.

At a hearing before a referee at Prescott, Arkansas, on October 19, 1944, it was held that appellee was an independent contractor and compensation was denied. Appellee then filed his application for review of the referee's decision before the Compensation Commission, which was held in Little Rock on November 20, 1944. No additional evidence was introduced at this hearing, but upon a review of the evidence heard by the referee, the full commission held that appellee was an employee of Parker Stave Company when injured, and compensation was awarded. On appeal to the Nevada circuit court, the findings of the commission were affirmed.

Appellee began work for the stave company in August, 1943, under a verbal agreement with its manager, Hugh Yoakum. The terms of the contract are not in dispute. Appellee agreed to use his truck and haul logs from the log woods to the company's mill for $7 per thousand feet. The company agreed to cut and load the logs. The agreement was to run for no specified time, and either party was privileged to terminate it at any time. Appellee's brother, Harold Hines, worked under a similar arrangement with the company. According to the testimony of witnesses for appellee, he and his brother would usually arrive in the log woods with the woods crew. If no logs were ready for hauling, which was often the case, they would "pitch in" and assist the woods crew in dragging the logs from the woods for loading by use of the winch truck. They would also assist in loading the logs and perform other work, which they were not obligated to do by the employment agreement, under the supervision and direction of the manager or woods foreman of the company.

It could serve no useful purpose to discuss the evidence in detail. It is summarized in part by the commis-

sion as follows: "We have the testimony of the claimant, the claimant's brother, and other workmen working for this respondent, that in addition to hauling logs, which the respondent had agreed to load, this claimant assisted in getting out logs from the woods, cutting trails through the woods for this purpose, building bridges, and seemingly in every way performing the same services for this respondent as did other workmen except that of the actual felling of trees. It is also the testimony of the claimant, the claimant's brother, and other workmen, that in the performance of the services rendered by this claimant that he was directed as to the manner and means by which these services were performed by both the manager and the woods foreman of this respondent. Mr. Honea, the woods foreman, testified frankly that at times he did direct the claimant in his work. Mr. Yoakum attempts to term the directions given by him as being mere suggestions for the benefit of the claimant; however, he himself frankly admits that he did direct the claimant's work when he was operating the winch for the company."

To reverse the judgment of the circuit court it is first insisted that the findings of fact made by the referee, as to whether appellee was an employee, or an independent contractor, are binding upon the commission, if supported by sufficient competent evidence. It is argued that the referee who heard the testimony had a better opportunity to determine the weight and credibility of the witnesses than the commission. Appellants also say that the commission had adopted a custom of sustaining the findings of the referee, if supported by substantial evidence, and that it stepped beyond its power when it failed to sustain the opinion of the referee. We do not agree with this construction of the Workmen's Compensation Law. (Act 319 of 1939, p. 777). By § 25 of the act an appeal may be taken to the circuit court from the final award of the "commission," and upon such appeal the findings of fact made by the "commission" within its powers are conclusive and binding in the absence of fraud. Section 44 of the Act provides in part: "It shall be the duty of the referee, under the rules adopted by the

442

Compensation Commission, to hear and determine claims for compensation, and to conduct such hearings and investigations and to make such orders, decisions and determinations as may be required by any rule or order of the Compensation Commission, under the Workmen's Compensation Law pursuant to the provisions of such law. The decisions of a referee on such a claim shall be deemed the decision of the Compensation Commission on its own motion or on application duly made to it, modify or rescind such decision." While the last sentence of the foregoing section is incompletely phrased, we think it authorizes the commission to modify or rescind the decision of the referee when it is not supported by what the commission conceives to be the applicable law or weight of the evidence. As between the referee and the commission the act makes the latter the final arbiter of the facts. The circuit court, as an intermediate court of appeal, and this court, on final appeal, must look to the findings of the commission, and not the referee, in determining whether there is sufficient competent evidence in the record to warrant the making of the award.

This court is committed to the rule that the findings of fact made by the commission are upon appeal entitled to the same verity as attaches to the verdict of a jury, or to facts found by the circuit judge sitting as a jury. Where the findings of fact made by the commission are supported by substantial evidence, such findings will not be disturbed by either the circuit court, or this court, on appeal. *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons, Inc.,* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *McGregor & Pickett* v. *Arrington,* 206 Ark. 921, 175 S. W. 2d 210; *Elm Springs Canning Co.* v. *Sullins,* 207 Ark. 257, 180 S. W. 2d 113. The question of the sufficiency of the testimony to support the findings of the commission is one of law which this court will review on appeal. *Bales* v. *Service Club No. 1, Camp Chaffee,* 208 Ark. 692, 187 S. W. 2d 321.

In determining whether one is an employee or an independent contractor, the Compensation Act is to be

given a liberal construction in favor of the workman, and any doubt is to be resolved in favor of his status as an employee rather than an independent contractor. *Irvan v. Bounds,* 205 Ark. 752, 170 S. W. 2d 674; 71 C. J., p. 449.

No hard and fast rule can be formulated to determine whether a workman is an employee or an independent contractor, and each case must be determined upon its own peculiar facts. In the case of *Irvan v. Bounds, supra,* the decisions from other jurisdictions on this question are reviewed, and the various rules employed by other courts in determining the relationship are discussed. There are many well recognized *indicia* of the status of the relationship, but the presence of one or more of them in a case is not necessarily conclusive of this status. In 27 Am. Jur. 486, it is said: "The most important test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Whether one is an independent contractor depends upon the extent to which he is, in fact, independent in performing the work. Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor." The following Arkansas cases involving common-law actions of tort, are cited in support of this statement: *St. Louis-San Francisco R. Co. v. Conly,* 160 Ark. 592, 255 S. W. 308; *Mississippi River Fuel Corp. v. Morris,* 183 Ark. 207, 35 S. W. 2d 607; *Hobbs-Western Co. v. Carmical,* 192 Ark. 59, 91 S. W. 2d 605; *C. M. Farmer Stave & Heading Co. v. Wharton,* 193 Ark. 708, 102 S. W. 2d 79; *Humphries v. Kendall,* 195 Ark. 45, 111 S. W. 2d 492.

There are other *indicia,* or commonly recognized tests, of the relationship which are in issue in the instant case. These are: (1) the time for which the workman is employed; (2) the right to terminate the employment without liability; (3) the method of payment, whether by time, job, piece or other unit of measurement; (4) the obligation to furnish necessary tools and equipment. Consideration of these tests is important, but none of

them are conclusive or controlling of the relationship. Such tests, along with other so-called secondary tests, are important as guides to the broader question whether the worker is in fact independent, or subject to the control of the employer, and relate back to the primary test of whether the will of the worker or employer dominates the means and method of the work, except as to result. See Annotations, 42 A. L. R. 607, 75 A. L. R. 726.

The fact that appellee was paid by the thousand and furnished his own truck tends to indicate that he was an independent contractor. On the other hand, the fact that the employment was to run for no specified time, and the further fact that the stave company could terminate the relation at any time, without liability, are features which indicate that appellee was an employee.

This court has also recognized the rule that a workman may be an independent contractor as to certain work and yet be an employee, or servant, as to other work for the same employer. In the recent case of *Soltz Machinery & Supply Company* v. *McGehee,* 208 Ark. 747, 187 S. W. 2d 896, the following statement from Schneider's Workmen's Compensation Text, Vol. 4, Permanent Ed., § 1076, was cited with approval: "While in all ordinary transactions the existence of the relation of contractor as between two given persons excludes that of principal and agent, or master and servant, there is not necessarily such a repugnance between them that they cannot exist together, and an employee may be an independent contractor as to certain work, and yet be a mere servant as to other work for the same employer. The decisions recognize this principle.

"The employer, however, is responsible in damages only if the worker was injured while performing that portion of the work in which he was an employee. Indeed, there are fact situations where the worker may co-exist as an independent contractor and an employee within the compensation acts in his work for the employer, benefits being given or denied, according to the relationship of the worker at the time of the injury."

At the time of his injury, appellee was assisting the woods crew and his brother in the loading of the latter's truck. While there is no proof of specific orders given appellee on the day of his injury, the loading was being performed under the immediate supervision of the manager and woods foreman of the stave company. Under the employment contract, loading of the logs was to be performed by the company. As to this portion of the work, and other work done by appellee in the log woods over a period of several months, we think there was sufficient competent evidence to sustain the Commission's finding that the company retained and exercised a degree of control over the work of appellee which is entirely consistent with his status as an employee, and inconsistent with that of an independent contractor.

The judgment of the circuit court, sustaining the award of the Commission, is, therefore, affirmed.