FEAZELL *v.* SUMMERS.

4-9331                                      234 S. W. 2d 765

Opinion delivered December 18, 1950.

*Wright & Curlee,* for appellant.

*Nell Powell Wright,* for appellee.

MINOR W. MILLWEE, Justice.    Appellee, James Odus Summers, sustained a disabling injury to his right hand on February 9, 1948, while working as a driller's helper in the drilling of a water well near Mountain Home in Baxter County, Arkansas.   Claim for compensation was in due time filed with the Workmen's Compensation Commission against appellant, W. T. Feazell, owner of the drilling rig.

After separate hearings before a special referee and the full commission, the latter found: "1. That on Feb-

ruary 9, 1948, the uninsured employer, W. T. Feazell, was carrying on an employment in the State of Arkansas in which five or more employees were regularly employed in the same business or establishment, thus making the said employer subject to the jurisdiction of the Arkansas Workmen's Compensation Law and the provisions thereof.

"2. That the claimant, James Odus Summers, was an employee of the said W. T. Feazell on February 9, 1948, at which time he sustained an injury to his right hand, from which he was temporarily totally disabled to March 17, 1948, following which he was partially disabled to August 9, 1948, the said injury resulting in a 45 percent permanent partial disability to the right hand."

The commission issued an award which recites: "The respondent will pay to the claimant compensation at the rate of $20 per week from February 9, 1948, to March 17, 1948, and shall further pay to the claimant compensation at the rate of 65 per cent of the difference between the claimant's pre-injury weekly wage and his earnings between the period March 17, 1948, and August 9, 1948, following which compensation at the rate of $20 per week shall be paid to the claimant for 67½ weeks, being compensation for a 45 percent permanent partial disability to the right hand."

On appeal to the Baxter Circuit Court the findings and award of the commission were affirmed.

For reversal appellant contends that he was not subject to the provisions of the Workmen's Compensation Act at the time of the injury, (1) because he was not an employer of five or more employees as provided in the act, and (2) because appellee was an independent contractor. Under our well-established rule the findings of fact made by the commission will on appeal be given the same finality as the verdict of a jury and be affirmed, if there is sufficient competent testimony to support such findings. *Brooks* v. *Claywell*, 215 Ark. 913, 224 S. W. 2d 37.

The evidence on behalf of appellee tends to establish the following facts: Appellant resides at Mountain Home, Arkansas, where he has been engaged in the well drilling business for the past 12 or 13 years. He owns three drilling rigs each of which is operated by two men, a driller and his helper. The state line between Missouri and Arkansas is the northern boundary of Baxter County. While appellant's principal operations have been carried on in Baxter County, where the men operating the rigs also reside, he has at times engaged in drilling operations across the state line in Missouri. In August and September, 1947, the three rigs were being operated in Arkansas with six, and at times eight, men being employed. In October, 1947, appellant contracted to drill some wells for the Federal Government across the line in Missouri where two of the rigs were in operation at the time of appellee's injury in February, 1948. These rigs were moved back to locations in Baxter County, Arkansas, in the spring of 1948 where they were being operated at the time of the hearing before the commission.

Appellant paid the operators of the rigs an hourly wage prior to December, 1947, when he began paying appellee 45c, and the driller 55c, per foot for the number of feet drilled, with appellant furnishing the oil and grease and appellee and the driller furnishing the gasoline used in the drilling operation. Appellant also furnished the materials and parts for all repairs which were made by the operators. This arrangement was in effect at the time of appellee's injury while drilling a well for Loyd Byler in Baxter County. Appellant made the contract with Byler who paid appellant for the well and the latter in turn paid appellee and the driller by checks bearing the notation, "For Wages." This practice was usually followed on other jobs, but at times payment would be made to the driller who in turn paid his helper and the appellant.

At the time of appellee's injury the workmen in Missouri were being paid by the hour, but shortly thereafter this method was changed to a footage basis. On

other operations in both Arkansas and Missouri the workmen were paid hourly wages on some jobs and on a footage basis on others. Under either arrangement appellant had the right to terminate the employment at any time and the workmen could quit any time they chose. The operators were experienced workmen and very little supervision concerning the hours worked and the manner of drilling was necessary. Appellant exercised the same manner of control over the work when the men were paid on a footage basis as when they were paid by the hour.

There is some conflict in the testimony regarding the method of operation after December, 1947. Appellant testified that after that date he orally leased the rigs to the operators and received rentals from them on a footage basis, for use of the machinery. He was "not positive" but did not "believe" that he had ever had as many as 5 men working for him in Arkansas. This testimony was contradicted by the evidence on behalf of appellee as hereinbefore set out.

Ark. Stats. § 81-1302(c) which was in effect at the time of appellee's injury provides: "'Employment' means every employment carried on in the State in which five (5) or more employees are regularly employed in the same business or establishment . . ."[1] It is insisted by appellant that, since two of his drilling rigs had been operating in Missouri for three months at the time of appellee's injury, the four operators of these rigs could not be counted in determining whether appellant regularly employed the necessary number of employees to bring him within the act's provisions. Because of different wording used in the compensation acts of the various states, there is little authority directly in point on the precise question. In *Palle v. State Industrial Commission*, 79 Utah 47, 7 Pac. 2d 284, 81 A. L. R. 1222, the court was considering an act which made every employer subject thereto, "that has in service three or

[1] This section was amended by Initiated Act No. 4 of 1948, which did not become effective until December 3, 1948. The amended section appears under the same section number in the 1949 cumulative pocket supplement to Vol. 7 of Ark. Stats.

more workmen or operators regularly employed in the same business . . ." The court held that in determining whether the requisite number of workmen was employed to subject the employer to the compensation act, it was immaterial that some of the men were working on a job at another place so long as all of them were doing work connected with the employer's business.

In *Elsas* v. *Montgomery Elevator Co.,* 330 Mo. 596, 50 S. W. 2d 130, and *McFall* v. *Barton-Mansfield Co.,* 330 Mo. 110, 61 S. W. 2d 911, the Missouri court held that employees outside the state may be included in determining the number employed by an employer under a provision which made no specific reference to place of employment. See, also, *Vantrease* v. *Smith,* 143 Tenn. 254, 227 S. W. 1023; *Republic Supply Co.* v. *Davis,* 159 Okla. 21, 14 Pac. 2d 222; 71 C. J., Workmen's Compensation Acts, § 134; 58 Am. Jur. Workmen's Compensation § 87.

It is undisputed that appellant's business of well drilling has at all times been centered in Baxter County, Arkansas. The very nature of the business required that his drilling rigs be operated at different locations. All of the operations, wherever conducted, were in furtherance of, and supervised from, the business in this state. We think the evidence was sufficient to warrant a finding by the commission that appellant's primary operations were in Arkansas and that the "employment" did not cease to be "carried on in the State," within the meaning of our statute, by reason of the Missouri operations which were only temporary and incidental to the principal business and employment in this state. Certainly the evidence warrants the conclusion that appellant was subject to the act when the two rigs were moved to Missouri in October, 1947, and after they were returned to Arkansas in the spring of 1948. It would be placing a narrow and restricted construction upon the act to say that the transient operations in Missouri in the *interim* destroyed the continuity of the employment relationship.

We are also of the opinion that there was sufficient evidence to sustain the commission's finding that ap-

pellee was an employee of appellant at the time of his injury. The case of *Irvan* v. *Bounds,* 205 Ark. 752, 170 S. W. 2d 674, involved the question of whether a workman engaged in the digging of a well for a stated sum per foot was an employee or an independent contractor within the meaning of our compensation act. This court upheld the commission's finding that he was an employee under facts somewhat similar to those in the instant case. It was there stated that no hard and fast rule for determining the relationship in every case could be laid down and that each case must necessarily be governed by its own peculiar facts. In that case we also held that in determining the relationship, the compensation act is to be given a liberal construction in favor of the workman and any doubt is to be resolved in favor of his status as an employee, rather than an independent contractor. See, also, *Parker Stave Co.* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620.

The fact that appellant furnished the machinery and tools for the work, that he had the right to terminate the services of appellee at will, and that appellee was paid "for wages" whether payment was by the hour or upon a footage basis, are all circumstances strongly indicating the employer-employee relationship. *Irvan* v. *Bounds, supra.* None of these factors alone may be said to be absolutely determinative of appellee's status, but all are important as bearing on the primary issue of the control reserved by appellant over appellee and his work. The evidence as a whole is sufficient to sustain the commission's finding that the control reserved by appellant over appellee and his work was incompatible with the relationship of employer and independent contractor and consistent with that of master and servant.

Appellant also insists that, even though he be held subject to the compensation act, the commission was not warranted in awarding appellee compensation at the rate of 65 percent of the difference between his pre-injury weekly wage and his earnings between March 17, 1948, and August 9, 1948, because there is no showing that appellee received less wages during the last mentioned

period than he was receiving prior to his injury. It is true that the evidence does not disclose the earnings of appellee between the dates specified. In reference to this differential the commission found: "This amount has not been clearly established by the evidence and will have to be ascertained by agreement of the parties hereto, if possible, or information submitted to the Commission for further direction." There is no contention that the commission was without power to make this direction. If it has not already been complied with, we can see no valid reason why it may not yet be done.

The judgment of the circuit court sustaining the order of the Workmen's Compensation Commission is affirmed.