Buxton *v*. Dean.

4-9472                                                    238 S. W. 2d 487

Opinion delivered April 9, 1951.

*Claude Duty* and *Vol T. Lindsey,* for appellant.

*J. Wesley Sampier, Clayton N. Little* and *William H. Enfield,* for appellee.

Minor W. Millwee, Justice. On December 2, 1949, appellee, Hubert Dean, sustained a disabling injury to his left hand while working for appellant, Ray Buxton, in building a house in Rogers, Arkansas. Appellee's claim before the Workmen's Compensation Commission was controverted on the ground that appellant was not

"engaged in building or building repair work" within the meaning of the Workmen's Compensation Law at the time of the injury. This appeal is from the judgment of the circuit court affirming an award of the Compensation Commission in favor of appellee.

Appellee has been engaged in work as a carpenter for eighteen years. In April, 1949, appellee and three other workmen began construction of a house for appellant on Chestnut Street in Rogers, Arkansas, being paid an hourly wage for their work. Appellee worked until the house was completed about two months later when he began work in the construction of a house for Mrs. Jewell Buttry in Rogers. Appellant had talked with appellee about building the house for Mrs. Buttry prior to completion of the first house. Appellant ordered all materials and did other supervisory work in connection with the construction of the Buttry house, which was completed about July 15, 1949. Appellee did some work for others until November 3, 1949, when he again went to work for appellant on a second house which the latter was constructing on Maple Street in Rogers. Appellee was working on this house at the time of his injury on December 2, 1949.

Appellant moved to Rogers, Arkansas, in 1946 from Union County, Iowa, where he had been engaged in farming for twenty-seven years. Since moving to Arkansas, appellant has rented his Iowa farm to the same tenant each year on a "cash and crop share" basis and has made annual trips to Iowa for the purpose of collecting the farm rents. In 1946 appellant bought and sold a tourist court near Rogers. He did some trading in real estate in 1947 and worked with a real estate agency for a time in 1948. Appellant lives in a rented cabin and built both houses in Rogers in 1949 for rental purposes. There is some evidence that he contemplated further building. Appellant has not been engaged in farm work since he left Iowa and, insofar as the evidence discloses, has no intention of resuming his former occupation.

The opinion of the commission recites: "The record is clear that Ray Buxton built two houses for the purpose

of renting them. One of the houses was completed in the summer of 1949, and is being rented for $45 per month. The other house lacks only the installation of plumbing and will be rented as soon as possible. The Commission is of the opinion that Ray Buxton was in the business of building houses for rent and that he, therefore, comes within and is bound by the provisions of the Arkansas Workmen's Compensation Law, as he was carrying on an employment in the State of Arkansas in which two or more employees were employed by him in building work. It is also the opinion of the Commission the claimant was not a casual employee.

"The fact that the respondent rented a farm in the State of Iowa does not, in the opinion of the Commission, exclude him from being in the business of building and renting houses. It appears from the evidence that the respondent spent a very small portion of his time each year in the State of Iowa in connection with the rental of his farm and it further appears that he had not been in Iowa to see about his farm since the spring of 1949."

For reversal appellant contends that appellee's employment was casual and not in the course of business of his employer and that there is no substantial evidence upon which to base the commission's finding to the contrary. In § 2(b) of the Workmen's Compensation Law (1949 Cum. Pocket Supp., Ark. Stats., § 81-1302(b)) an employee is defined as "any person . . . in the service of an employer . . . but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer. . . ." One of the definitions of "Employment" is given in § 2(c)(2) of the act (1949 Cum. Pocket Supp., Ark. Stats., § 81-1302 (c) (2)) as meaning "every employment in which two or more employees are employed by any person engaged in building or building repair work." It is noted that before an employment is excepted from the operation of the act, it must be both casual and not in the usual course of the employer's trade or business. The authorities generally support the rule that an employment in building or repairing a structure is not to be regarded as casual where the work for

which the claimant was engaged will require a considerable length of time for its completion, or will extend for an indefinite period; but if such employment is to last only a few hours, or a few days, it is ordinarily considered casual employment. 58 Am. Jur., Workmen's Compensation, § 98.

Under a Connecticut compensation act containing provisions similar to ours, it was held that the employment was not casual where the owners of a warehouse employed a carpenter to construct a loading platform and shelving which would take several weeks to perform, even though such employment was to cease upon completion of the work specified. *DeCarli* v. *Manchester Public Warehouse Co.*, 107 Conn. 359, 140 Atl. 637, 60 A. L. R. 1191. Also in *Kaplan* v. *Gaskill,* 108 Neb. 455, 187 N. W. 943, the court held, under a similar statute, that the employment was not casual where one was employed to repair a store building requiring from ten days to two weeks when it was contemplated that he should continue working at other miscellaneous repair jobs for the employer throughout the summer. There are numerous cases to the same effect cited in annotations on the question in 15 A. L. R. 735, 33 A. L. R. 1460, 60 A. L. R. 1200, 107 A. L. R. 939.

It has been held that an employer may have more than one trade, business, profession or occupation within the meaning of a compensation act. It is also said that the line of demarcation between what is and what is not employment in the usual course of the trade or business of the employer is vague and shadowy, and that each case must, of necessity, depend largely upon its own facts and circumstances. *Nelson* v. *Stukey,* 89 Mont. 277, 300 Pac. 287, 78 A. L. R. 483; 58 Am. Jur., Workmen's Compensation, § 83.

Appellant earnestly insists that the undisputed testimony shows that he was engaged in farming and not in building or building repair work at the time of appellee's injury. We cannot agree with this contention. Appellant had not actually engaged in farming since 1946 and the fact that he returned to Iowa once each year to collect

the rent from his farm did not necessarily establish his occupation in 1949 as that of farming. In April, 1949, he began constructing houses for rent and the second such house was nearing completion when appellee was injured. Appellee's employment for several months in building these houses cannot be classed as irregular, occasional or casual under the decisions.

We conclude that there was substantial evidence to sustain the conclusions of the Compensation Commission that appellee's employment was neither casual nor without the usual course of appellant's business. The judgment is accordingly affirmed.