HOLLINGSWORTH & FRAZIER *v.* BARNETT.

5-881                                          287 S. W. 2d 888

Opinion delivered March 12, 1956.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Jeptha A. Evans,* for appellee.

MINOR W. MILLWEE, Associate Justice. On May 4, 1954, appellee, John T. Barnett, Jr., was driving a loaded log truck to Nebo Lumber Co. at Dardanelle, Arkansas, over State Highway No. 28, when a wooden bridge collapsed resulting in injuries for which he sought compensation before the Arkansas Workmen's Compensation Commission. His claim against appellant, James Frazier, doing business as Hollingsworth & Frazier, and the insurance carrier, was controverted on the ground that appellee was an independent contractor and not an employee of appellant Frazier at the time of injury. Hearings before one commissioner and the full commission resulted in an award in appellee's favor which was affirmed by the circuit court. The issue here is whether there is any substantial evidence to support the commission's finding that appellee was an employee of appellant at the time of his injury.

Appellant had a contract with Nebo Lumber Co. to cut, haul and deliver timber from certain tracts to the

lumber company's mill at Dardanelle in 1954. Appellee was 18 years old in January, 1954, when his father was engaged in skidding and hauling logs for appellant and the man doing the skidding quit. James Frazier approached appellee about taking the skidder's place, which was done, and appellee was carried on appellant's books as an employee and paid by checks made directly to him. Frazier testified that, subsequently, when operations were begun on another unit of timber, he had an oral agreement with appellee's father whereby the latter was to haul and skid logs at $18.50 per thousand feet under the same arrangement that appellant made with all other haulers and skidders. Frazier knew that appellee was working with his father and that the two jointly owned the truck and two horses used in the work and divided equally the net income after payment of maintenance and fuel costs of the truck and the bill for horse feed. Under this arrangement which existed at the time of the injury all checks in payment of the work were made to appellee's father. Appellant made no deductions for social security or income taxes on any of the men employed by him but had a policy of workmen's compensation insurance covering his "logging and lumbering" operations anywhere in Arkansas.

Frazier also testified that appellee and his father were hired under an oral agreement to skid and haul the logs at so much per thousand feet; that he was in the log woods practically every day supervising the work of the several cutters, skidders and haulers; that the logs would be located at different places and he would tell the skidders and haulers where to get the logs and what sizes to get; that he assigned certain areas for separate skidders and haulers and considered them his employees; and that he walked over the woods daily checking for the primary purpose of seeing that the skidders and haulers kept up with the cutters. In answer to leading questions he stated that he never told the men how to do the work but he further said he would have done so if it had been necessary to insure that the job was done in a workmanlike manner. When asked whether he cared whether the haulers used one or four trucks, he stated that it de-

pended upon whether they were staying behind or up with the cutters.

Insofar as the record discloses, the oral agreement under which appellee and his father worked ran for no specified time and appellant could have terminated the employment relationship at any time without liability. While it was testified that all the workmen could begin and quit work when they chose, it is undisputed that they went to work about 7 a. m. and did not quit until they had done a day's work.

We have repeatedly said that no hard and fast rule can be formulated to determine whether a person undertaking to do work for another is an employee or an independent contractor, and that each case must be determined on its own peculiar facts. While there are many well recognized and fairly typical *indicia* of the status of the relationship, the presence of one or more of them in a case is not necessarily conclusive of this status. However, such *indicia* are important as guides to the broader and primary question of whether the worker is in fact independent, or subject to the control of the employer, in performing the work. *Parker Stave Company* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620; 27 Am. Jur., Independent Contractors, Sec. 5; 75 A. L. R. 726; 134 A. L. R. 1029.

Another settled rule of this court is that, in determining whether one is an employee or an independent contractor, the Compensation Act is to be given a liberal construction in favor of the workman and any doubt is to be resolved in favor of his status as an employee rather than an independent contractor. *Irvan* v. *Bounds,* 205 Ark. 752, 170 S. W. 2d 764; *Feazell* v. *Summers,* 218 Ark. 136, 234 S. W. 2d 765. The power of an employer to terminate the employment at any time without liability is incompatible with the full control of the work which is usually enjoyed by an independent contractor and is a strong circumstance tending to show the subserviency of the workman. *Irvan* v. *Bounds,* supra.

The facts that the employment contract was for no specified time and could be terminated at will by appellant without liability, and that he reserved the right to

make suggestions as to how the work should be done, are indicative of the relationship of employer-employee between appellant and appellee. The commission also might have wondered why appellant should have bothered about compensation insurance if he really thought he would not be responsible for any loss due to injuries of any of the workmen connected with his logging operations. In our opinion the commission's finding that appellee was the appellant's employee at the time of injury is supported by substantial evidence. We also agree with the circuit court's determination that the fact that appellee and his father were partners in carrying on the work did not preclude a finding of the employer-employee relationship. In reaching this conclusion, the court correctly relied upon the holding in *Hiebert* v. *Howell,* 59 Idaho 591, 85 P. 2d 699, 120 A. L. R. 388. In that case the Idaho Court, under a similar state of facts, held the fact that the persons engaged in skidding and hauling the logs with equipment owned by them jointly were, as between themselves, partners did not prevent them from becoming ordinary employees of one who hires them to skid and haul timber for him.

The judgment is affirmed.