WEST *v.* LAKE LAWRENCE PULPWOOD CO.

5-2406

346 S. W. 2d 460

Opinion delivered May 22, 1961.

*J. Fred Jones,* for appellant.

*Robert Law, Mehaffy, Smith & Williams, W. A. Eldredge, Jr.,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a workmen's compensation case. Tom West, a pulpwood hauler, was severely injured when a dead tree fell on him breaking a leg, three ribs and four other ribs being torn loose. His kidneys, pelvis and abdomen were also

injured. Mr. West filed a claim for compensation against the Lake Lawrence Pulpwood Company for workmen's compensation benefits. The referee and the full commission denied compensation on the ground that the evidence did not show that West was an employee of the Lake Lawrence Pulpwood Company. The circuit court affirmed the action of the commission and this appeal by West followed.

There is presented only one question on this appeal and that is whether there was any substantial evidence to support the finding of the commission. We have repeatedly held that we must affirm if there is any substantial evidence to support the commission's action. In the very recent case of *Moore* v. *Long-Bell Lumber Company,* 228 Ark. 345, 307 S. W. 2d 533, we said: "Under our well established rule, since the enactment of our Workmen's Compensation Law, we have consistently held that the findings of the Commission are entitled to the same verity as would attach to a jury's verdict and that the circuit court on appeal to it, and this court, must affirm if there is any substantial evidence to support the Commission's finding, and we think there was such substantial evidence shown here. See *J. L. Williams & Sons* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *Baker* v. *Silaz,* 205 Ark. 1069, 172 S. W. 2d 419; *Hughes* v. *Tapley,* 206 Ark. 739, 177 S. W. 2d 429; *Fordyce Lumber Company* v. *Shelton,* 206 Ark. 1134, 179 S. W. 2d 464.

In *Wren* v. *D. F. Jones Const. Co.,* 210 Ark. 40, 194 S. W. 2d 896, we used this language: 'Under our Workmen's Compensation Law the Commission acts as a trier of the facts—i. e., a jury—in drawing the inferences and reaching the conclusions from the facts. We have repeatedly held that the finding of the Commission is entitled to the same force and effect as a jury verdict. In *Ozan Lbr. Co.* v. *Garner,* 208 Ark. 645, 187 S. W. 2d 181, in affirming the finding of the Commission to the effect that the worker was an independent contractor and not an employee, we said: "We are not concerned here with the preponderance of the testimony. After a careful review of the entire

record, we have reached the conclusion that there is substantial evidence presented to support the Commission's finding that appellee, at the time of his injury, was an independent contractor." ' "

In the present case the evidence shows that appellee, Lake Lawrence Pulpwood Company, exercised no control over the details of the work. West's job was to haul pulpwood to the railhead at Norman where he was paid. The loading and hauling of the logs were left solely to the discretion of West. The evidence further shows that West did the cutting of the timber without the supervision of Lake Lawrence Pulpwood Company. The proof further shows that West furnished his own tools for the cutting and hauling of the logs, employed and paid his own employees and that he, West, was injured upon land leased by him for timber cutting. There is no evidence that West was required to work for any certain time or on any particular day and the method of payment to him was by the cord. The stipulated amount was paid for each cord of wood hauled, the price varying with the distance of the haul. The evidence does not show that the hauling of pulpwood was a part of the Lake Lawrence Pulpwood Company's operation, in fact the evidence indicates that the aforesaid company purchased only from haulers. The only evidence in any way contradicting this is that West testified that he *thought* he was covered by workmen's compensation.

We said in *Fagan Electric Company* v. *Green*, 228 Ark. 477, 308 S. W. 2d 810, that: "The rule is also well settled that in testing the sufficiency of the evidence before the Commission, the Circuit Court, on appeal from the Commission, and this Court, on appeal from the Circuit Court, must weigh the testimony in its strongest light in favor of the Commission's findings."

Affirmed.

ROBINSON and JOHNSON, JJ., dissent.

JIM JOHNSON, Associate Justice, dissenting. I find myself in basic disagreement with the opinion of the majority and therefore respectfully dissent.

Apparently, the opinion of the majority relies upon the tests set out in the Restatement of Agency (2d Ed.) Sec. 220, for determining whether or not an employer-employee relationship existed between the parties to this action. While the Restatement of Agency tests are certainly valid in a proper situation, I cannot agree that they should be applied in Workmen's Compensation cases for determining the relationship between the parties. As pointed out by Dean Larson in his excellent work on Workmen's Compensation, the basic purpose for which the definition of an employee as used in compensation statutes is entirely different from the common law purpose. At common law the concept of an employee or servant performed one main function and that was to delimit the scope of a master's vicarious tort liability. This tort liability naturally arose out of detailed activities carried on by the servant resulting in harm to third persons. The extent to which an employer could control these detailed activities was highly relevant to the question whether the employer ought to be liable for them or not. Again, as pointed out by Larson, the theory of compensation is concerned not *with injuries by the employee in his detailed activities but with injuries to him* as a result not only of his own activities but those of co-employees, independent contractors and other third persons. To impose a narrow common law concept upon a statute which this Court has many times said should be liberally construed to afford relief is to do violence to both the legislative intent and previous decisions of this Court.

By applying the tests which the majority opinion apparently uses, I am of the opinion that the evidence shows that Tom West was an employee of appellee. First, the majority says the only evidence contradicting the testimony offered by the appellant is that *he thought he was covered by workmen's compensation.* The record clearly reflects that the appellant was the only one to present any evidence at the trial and no evidence was presented to contradict his case. The evidence shows that Lake Lawrence was the only buyer of pulpwood in Montgomery County. The arrangement by which he purchased pulp

timber was no ordinary operation. The method was a stipulated price per cord based upon mileage, a rather unusual method of payment. Second, Tom West was not cutting timber upon land owned or rented in fact by him. The evidence shows that Lake Lawrence, through the use of a straw man, had actually rented this land to avoid certain government regulations on cutting other parcels before completion of another. I find it even more significant that not only Tom West thought he was covered by workmen's compensation but evidently Lake Lawrence thought so too. Corroborated evidence was presented in the record to the effect that Lake Lawrence deducted a fixed sum per cord of wood cut for workmen's compensation insurance. We have held that the employer's practice of carrying a particular person on his compensation insurance payroll is a factor to be considered and given weight in discovering the real understanding of the employer as to the worker's status. *Farrell-Cooper Lumber Co.* v. *Mason,* 216 Ark. 797, 227 S. W. 2d 444.

In conclusion I find that, all other things aside, the least that can be said is that there should be an estoppel to deny recovery. Estoppel is a holding out, justified reliance on the holding out, and detriment from such holding out. Here, Lake Lawrence by carrying compensation insurance on the worker led the worker to omit to take other measures protecting his income in time of disability. Under these circumstances, recovery should be allowed and therefore I respectfully dissent.