CLARKSVILLE MEAT CO. *v.* BROOKS.

5-3198                    375 S. W. 2d 671

Opinion delivered February 24, 1964.

718

*Shaw, Jones & Shaw,* for appellant.

*Donald Poe,* for appellee.

GEORGE ROSE SMITH, J. This is a workmen's compensation case in which the appellee seeks an award for a broken leg. The referee and the full commission denied the claim on the ground that Brooks was a casual employee who was not injured in the course of his employer's business. Ark. Stat. Ann. § 81-1302 (b) (Repl. 1960). This appeal is from a judgment of the circuit court reversing the commission's decision.

Donald Meek, the employer, owns and operates the Clarksville Meat Company, an unincorporated meat-packing plant. In connection with the plant Meek maintains one or more horses which he uses to catch wild cattle that he has bought for slaughter. The horses are sometimes used for purposes not related to the meat-packing business, but the commission did not attach any importance to this fact.

Brooks is a part-time blacksmith. He does not have a smithy. Instead, he takes his tools and equipment to his patrons' premises and performs his work there. For some five years before his injury Brooks had shod Meek's horses three or four times a year. On September 29, 1961, while he was engaged in shoeing a horse at the packing plant, he was kicked by the animal and sustained the injury giving rise to his claim.

The commission specifically found that Brooks was an employee rather than an independent contractor, but the appellants insist that this finding is unsupported by any substantial evidence. The question is by no means free from difficulty, but we are unwilling to declare as a matter of law that Brooks was an independent contractor.

The governing test is whether Meek had the right to control Brooks with respect to his physical conduct in shoeing the horse. *Hobbs-Western Co.* v. *Carmical,* 192 Ark. 59, 91 S. W. 2d 605; Restatement, Second, Agency, § 2. At the time of the accident Meek was holding the horse, an unruly animal, while Brooks did his work. Brooks testified that he was under Meek's direction and control, that Meek told him what to do. Meek testified that he selected the kind of shoe to be used and instructed Brooks to use an extra nail owing to a defect in the horse's hoof. Meek also stated that Brooks was under his control, that he could have stopped Brooks if the latter had not followed his instructions. Moreover, Meek testified that through the years he had entered the payments to Brooks upon his books in some instances as labor and in some instances as miscellaneous expense. In the former case the entry became a part of the plant's total payroll and was taken into account in the computation of his insurance premiums (presumably for workmen's compensation coverage). In view of all this proof we are unable to say that there is no substantial evidence to support the commission's finding that Brooks was an employee.

The statute excludes from coverage an employee "whose employment is casual and not in the course of the trade, business, profession or occupation of his employer." § 81-1302 (b), *supra.* In construing this section we have held that an employee is not without the protection of the act unless both exceptions are found to exist. *Buxton* v. *Dean,* 218 Ark. 645, 238 S. W. 2d 487. Here that finding was made by the commission. It reasoned that Meek's business was not that of a blacksmith and hence that the shoeing of horses was merely incidental to his meat-packing business.

This narrow interpretation of the statute is a decidedly minority view that we are unwilling to embrace. The horse that kicked Brooks was unquestionably used in the business. There is no doubt that the animal had to be shod in order to maintain it in service. Professor

Larson has pointed out that under statutes similar to ours the overwhelming weight of authority holds that "maintenance, repair, painting, cleaning, and the like are 'in the course' of business because the business could not be carried on without them." Larson, Workmen's Compensation Law, § 51.23. Many of the cases were reviewed in *Sears, Roebuck & Co.* v. *Pixler,* 140 Fla. 677, 192 So. 617, where it was held that a plasterer who was hurt while replacing plaster in a retail store at night was acting in the course of the employer's business.

Our decision in *Aerial Crop Care* v. *Landry,* 235 Ark. 406, 360 S. W. 2d 185, is really to the same effect. There the employer was engaged in agricultural crop-dusting. The claimant was injured while working as a carpenter in the construction of a hangar. Thus the employer was no more engaged in the business of a carpenter than Meek was engaged in the business of a blacksmith. We held, however, that the section of the statute now in issue did not exclude the injured employee from the protection of the law. We adhere to that view.

Affirmed.