Eugene FRANKLIN *v.* ARKANSAS KRAFT, INC.
& EMPLOYERS INSURANCE COMPANY OF WAUSAU

CA 82-138                                    635 S.W.2d 286

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Bethell, Callaway & Robertson,* by: *Donald P. Calla-way,* for appellant.

*Harper, Young, Smith & Maurras,* by: *Tom Harper,* for appellee.

JAMES R. COOPER, Judge. This is a workers' compensation case, in which the sole issue is whether, at the time of his injury, appellant was an employee of appellee Arkansas Kraft, Inc., or an independent contractor performing services for Arkansas Kraft. The appellant suffered an accidental injury while cutting pulpwood from a tract of timber which had been purchased by Arkansas Kraft.

The appellant and Arkansas Kraft had executed a written contract on May 26, 1978. The contract provided for the cutting and hauling of all pine timber (which had been previously marked) from certain lands located in Logan

County, Arkansas. The timber was to be cut into logs of a length and size specified in the contract, and appellant was to be paid the sum of $22.50 per cord. The contract was to be completed by July 2, 1978.

The contract further provided that no timber except that which had been marked was to be cut, and that the stumps were to be left no higher than four inches above the ground. The contract required that appellant provide his own tools, equipment and materials, and that he choose the means and methods of performing the contract without supervision by Arkansas Kraft. Arkansas Kraft retained the right to inspect the results of the work, and to require that the work conform to the requirements of the contract.

Under the contract, appellant had the right to employ other persons to assist him, and it provided that such persons were not to be considered agents, servants, or employees of Arkansas Kraft. The contract further provided that the appellant was to be considered an independent contractor, rather than a sub-contractor or employee of Arkansas Kraft. Arkansas Kraft did not retain the right to exercise any discretion or judgment regarding the appellant's working hours, but it did retain the right to require that the contract be completed by the date specified in the contract.

The contract also provided that Arkansas Kraft was not to be held liable for its failure to accept deliveries, if it had notified appellant that it could not accept deliveries because of strikes, acts of God, oversupply, or other specified reasons. There were various other provisions contained in the contract, but they are not relevant to this appeal.

Following the injury, appellees denied coverage,.and a hearing before an administrative law judge, the Honorable Michael L. Ellig, was held. Appellant sought to prove that he was an employee of Arkansas Kraft, and the appellees contended that he was an independent contractor. The administrative law judge found that the appellant was an employee of Arkansas Kraft, and awarded benefits. On appeal, the full Commission reversed, finding that the appellant had failed to meet his burden of proving by a

preponderance of the evidence that he was an employee. The Commission made no findings of fact or conclusions of law, except as stated above, and therefore we are unable to determine what factors were considered by the Commission in deciding to reverse the administrative law judge. From the Commission's decision, comes this appeal.

The issue of whether an individual was functioning, at the time of an injury, as an employee or an independent contractor must depend on the particular facts of each case. *Moore* v. *Long Bell Lumber Co.*, 228 Ark. 345, 307 S.W.2d 533 (1957); *Hollingsworth & Frazier* v. *Barnett*, 226 Ark. 54, 287 S.W.2d 888 (1956); *Farrell-Cooper Lumber Co.* v. *Mason*, 216 Ark. 797, 227 S.W.2d 444 (1950); *Parker Stave Co.* v. *Hines*, 209 Ark. 438, 190 S.W.2d 620 (1945); *Irvan* v. *Bounds*, 205 Ark. 752, 170 S.W.2d 674 (1943).

The question of an injured person's status has been the subject of much litigation. There are numerous cases involving the timber industry alone, and the cases are not consistent. *Compare Dallas County Pulpwood Company* v. *Strange*, 257 Ark. 799, 520 S.W.2d 247 (1975), *with West* v. *Lake Lawrence Pulpwood Co.*, 233 Ark. 629, 346 S.W.2d 460 (1961).

In workers' compensation cases, our standard of review may compound the appearance of inconsistency. On appeal, we are required to review the evidence in the light most favorable to the Commission's decision and to uphold that decision if it is supported by substantial evidence. In order to reverse a decision of the Commission, the appellate court must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). A reading of the cases involving the issue of employee versus independent contractor indicates that such cases are frequently very close. In many of those cases, a decision either way would have been supported by substantial evidence, and therefore, the appellate court would have been required to affirm, regardless of the result reached by

the Commission. *See Dallas County Pulpwood Company* v. *Strange,* 257 Ark. 799, 520 S.W.2d 247 (1975); *Wren* v. *D. F. Jones Const. Co.,* 210 Ark. 40, 194 S.W.2d 896 (1946).

Most of the cases have basically followed the common-law rule that the governing test is whether the asserted employer had the right to control the injured person in his work. *Clarksville Meat Co.* v. *Brooks,* 237 Ark. 717, 375 S.W.2d 671 (1964). Apparently, that is the test which was applied by the Commission, although the opinion of the Commission does not say so in so many words. In finding that the appellant was an employee, the administrative law judge considered factors other than just control, but the Commission seemed to indicate that it believed that the control test was the only test available under Arkansas law.

On appeal, the appellant argues that the "relative nature of the work" test enunciated by Professor Larson has been adopted by the Arkansas Supreme Court in *Sandy* v. *Salter,* 260 Ark. 486, 541 S.W.2d 929 (1976), and that that test should have been applied by the Commission in the case at bar.

In *Sandy, supra,* the Arkansas Supreme Court said:

> Larson reasons that in a case such as the one at bar, the law should consider, in determining whether an employer-employee status exists, *not only* the matter of control *but also* the relationship between the claimant's own occupation and the regular business of the asserted employer. Larson, §§ 43.50 and 43.51. With regard to the latter aspect of the problem, two considerations have weight: first, how much of a separate calling or profession is the claimant's occupation? How skilled is it? To what extent may it be expected to carry its own share of the workmen's compensation responsibility? Second, what relationship does the claimant's work bear to the regular business of the asserted employer? Is there a continuous connection or only an intermittent one, or is there no connection at all. See Larson, § 43.52. [Emphasis added].

While the Arkansas Supreme Court did discuss the "relative nature of the work" test in *Sandy, supra,* it is not clear whether the Court actually applied that test. After holding that the Commission's decision (which was based on the "control" test) was supported by substantial evidence, the Court proceeded to discuss Larson's test, and appeared to view it very favorably. In any event, the "relative nature of the work" test appears to be available under Arkansas law based on *Sandy, supra.*

In making the factual determination of whether the injured person is an employee or an independent contractor, it is the Commission's duty to follow a liberal approach and to resolve any doubts in favor of the person's status as an employee. *Liggett Construction Co.* v. *Griffin,* 4 Ark. App. 247, 629 S.W.2d 316 (1982); *Purdy* v. *Livingston,* 262 Ark. 575, 559 S.W.2d 24 (1977); *Feazell* v. *Summers,* 218 Ark. 136, 234 S.W.2d 765 (1950). In order to make a factual determination under the requirements stated above, it may not be enough, in a particular case, to consider only the question of control.

There are numerous factors which may be considered in determining whether an injured person is an employee or an independent contractor for purposes of workers' compensation coverage. Obviously, the relative weight to be given the various factors must be determined by the Commission. Some of the factors which might be considered, depending on the facts of a given case, are:

(1) the right to control the means and the method by which the work is done;

(2) the right to terminate the employment without liability;

(3) the method of payment, whether by time, job, piece or other unit of measurement;

(4) the furnishing, or the obligation to furnish, the necessary tools, equipment and materials;

(5) whether the person employed is engaged in a distinct occupation or business;

(6) the skill required in a particular occupation;

(7) whether the employer is in business;

(8) whether the work is an integral part of the regular business of the employer; and

(9) the length of time for which the person is employed.

These are not all the factors which may conceivably be considered in a given case, and it may not be necessary in some cases for the Commission to consider all of these factors. Traditionally, the "right to control" test has been sufficient to decide most of the cases, although many variations of "control" have probably been squeezed into that test.

It may be that the Commission in the case at bar considered factors other than control. We are unable to determine what factors were considered by the Commission, since there are no findings of fact contained in the opinion. The case is reversed and remanded to the Commission for a reconsideration of the facts of this case in light of the foregoing opinion. Nothing in this opinion should be construed as a hint of the result we think the Commission should reach on remand. The Commission has the duty to weigh the facts and apply the law, and it is not our function to suggest a result.

Reversed and remanded.

GLAZE, J., concurs.

MAYFIELD, C.J., dissents.

TOM GLAZE, Judge, concurring. I believe the majority opinion fails to clearly hold whether we adopt the "relative nature of the work" test discussed in *Sandy* v. *Salter*, 260 Ark.

486, 541 S.W.2d 929 (1976). I concur for the sole reason that I would be more unequivocal in our adoption of the test announced in *Sandy*.

MELVIN MAYFIELD, Chief Judge, dissenting. I think the decision of the Commission is supported by substantial evidence and I would affirm.