# SILVICRAFT, INC. and GEORGIA CASUALTY AND SURETY, INC. *v.* J. A. LAMBERT

CA 83-232            661 S.W.2d 403

### Court of Appeals of Arkansas
### Division I
### Opinion delivered November 23, 1983

*Barber, McCaskill, Amsler, Jones & Hale,* by: *Michael L. Alexander,* for appellants.

*Williamson, Ball & Bird,* by: *Samuel N. Bird,* for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case the Commission affirmed the administrative law

judge's findings that the appellee was an employee of the appellant Silvicraft rather than an independent contractor; that the appellants were estopped from denying coverage to the appellee; and the "vendor's" provision in the appellants' workers' compensation insurance policy was in contravention of Ark. Stat. Ann. § 81-1338 (c) and therefore void as against public policy. From that decision, comes this appeal.

On September 8, 1981, the appellee injured his leg while cutting pulpwood for the appellant Silvicraft. The appellee had no written contract with Silvicraft. The appellee testified that he started to work for Silvicraft in April, 1980, and that until his accident, hauled pulpwood only for Silvicraft. He testified that he was directed to the timber he was to cut; that his promissory note for a pulpwood truck was cosigned by Silvicraft's manager; and that when equipment broke down Silvicraft repaired it and held the repair charges out of his check. However, he also testified that he hired his own helpers, bought his own gasoline, owned his own equipment, and that Silvicraft did not tell him how to cut trees but only marked the ones which were to be cut.

Silvicraft's manager testified that less experienced workers than the appellee would be more closely supervised; that Silvicraft did not direct the appellee to hire helpers; and that Silvicraft did not exercise control over the manner of cutting and hauling pulpwood. Further, Silvicraft purchases the timber from the landowners, designates the boundaries of the tracts to be cut, and marks the trees to be cut. In order to conduct its business of selling pulpwood to processors, Silvicraft has a business relationship with some thirty other persons who work similarly to the appellee. Also, Silvicraft did not withhold income or social security taxes from the appellee's checks.

In reaching his decision that the appellee was an employee of the appellant, the administrative law judge considered a number of factors approved by this court in *Franklin* v. *Arkansas Kraft, Inc.*, 5 Ark. App. 264, 635 S.W.2d 286 (1982). The administrative law judge found that the appellant exercised a great deal of control over the appellee's

performance of his work; that the appellant could have terminated the appellee, had co-signed a note on the appellee's truck and would have called this demand note if the appellee had gone to work for another pulpwood broker; and that the appellee was engaged solely in the business of cutting pulpwood for the appellant. Also, the administrative law judge found the appellant's sole business was that of purchasing pulpwood from private owners and that the appellant could not have performed its work without the services of the appellee and other similarly situated persons. Finally, the administrative law judge found that the appellee had been employed by the appellant for a substantial period of time and that he would have continued in the employ of the appellant had he not sustained his injury. The Commission adopted the findings of the administrative law judge. In finding that the appellee was the employee rather than an independent contractor, the administrative law judge relied heavily on the relative nature of the work test, as espoused by Professor Larson. See, Larson, Workmen's Compensation Law §§ 43.42 et seq.

The appellants argue that, in determining whether an individual is an employee or an independent contractor, the most important test to apply is the control test. They cite *Franklin* in support of that argument. *Franklin* does not so state. Our opinion in *Franklin* does point out that, in applying the relative nature of the work test, the right to control may be sufficient to decide the employer/employee relationship question without consideration of other factors. The relative nature of the work is a combination of factors to be considered, all of which are utilized so as to give a clearer picture of the parties' relationship than is possible when only control is considered. Control of the manner of performing the work is significant, but, if considered determinative or controlling, may lead to clearly wrong results. In *Sandy* v. *Salter*, 260 Ark. 486, 541 S.W.2d 929 (1976) the Arkansas Supreme Court upheld the Commission's denial of benefits to Sandy, who was injured while remodeling a residence for the Salters, who were engaged in the trucking business. The Court stated:

The case at hand confirms the soundness of Larson's approach to the problem. If the power to control is alone to be taken into account, the Salters might be found to have had that power, owing to their authority to dismiss the workmen at will. Yet there was certainly no actual power to control the men in the details of their work, for the Salters knew nothing about how to go about remodeling a home.

This Court approved the use of Professor Larson's relative nature of the work test in *Franklin, supra,* another case involving timber haulers.[1] The use of this test is consistent with the basic premise behind workers' compensation laws. As stated by Professor Larson,

The theory of compensation legislation is that the cost of all industrial accidents should be borne by the consumer as a part of the cost of the product. It follows that any worker whose services form a regular and continuing part of the cost of that product, and whose method of operation is not such an independent business that it forms in itself a separate route through which his own costs of industrial accident can be channelled, is within the presumptive area of intended protection.

Larson, Workmen's Compensation Law, § 43.51.

The right to control includes several items such as the right to determine the manner of completing the work; right to terminate; right to hire or control the hiring of helpers; the method of payment; and the furnishing of, or the obligation to furnish, tools or equipment necessary to perform the work. In determining the relative nature of the work to the alleged employer's business, some factors to be considered include whether the worker is engaged in a separate and distinct occupation or business, whether the work to be performed is an integral part of the employer's regular business, and the duration of the employment.

---

[1] *Franklin* was remanded so that the Commission could consider matters in addition to control in deciding the employer/employee question.

All of these factors are intertwined in the case at bar, and, based on an analysis of both control and the relationship between Silvicraft's business and the work being performed by the appellee, the administrative law judge and the Commission found the appellee to be an employee of Silvicraft. The determination of whether, at the time of injury, a person was an employee or an independent contractor, is a factual one and the Commission is required to follow a liberal approach, resolving doubts in favor of employment status for the worker. *Franklin, supra; Liggett Construction Co.* v. *Griffin,* 4 Ark. App. 247, 629 S.W.2d 316 (1982); *Purdy* v. *Livingston,* 262 Ark. 575, 559 S.W.2d 24 (1977); *Feazell* v. *Summers,* 218 Ark. 136, 234 S.W.2d 765 (1950).

This Court's standard of review requires that we view the evidence in the light most favorable to the Commission's decision, and affirm if it is supported by substantial evidence. In order to reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have arrived at the conclusion reached by the Commission. *Office of Emergency Services v. Home Ins. Co.,* 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980).

On the facts of the case at bar, we find substantial evidence to support the Commission's decision regarding the appellee's status as an employee rather than an independent contractor.

The Commission also affirmed the administrative law judge's finding that the appellants were estopped from denying workers' compensation coverage to the appellee because of the method used to calculate workers' compensation insurance premiums. Because of our decision on the appellee's status, we do not reach this question. The appellant also argues that the Commission's decision that a vendor endorsement in the appellant's insurance policy is

34

void as against public policy has no basis in fact or law. Because of our affirmance on the employment issue, we need not decide this question.

Affirmed.

CRACRAFT and GLAZE, JJ., agree.