Eugene FRANKLIN *v.* ARKANSAS KRAFT, INC.
and EMPLOYERS INSURANCE OF WAUSAU

CA 83-431                                    670 S.W.2d 815

Court of Appeals of Arkansas
Division II
Opinion delivered June 20, 1984

*Bethell, Callaway, Robertson & Beasley,* by: *John R. Beasley,* for appellant.

*Harper, Young, Smith & Maurras,* by: *Tom Harper, Jr.,* for appellee.

TOM GLAZE, Judge. This is the second time this workers' compensation case has been appealed to our Court. The sole issue on the first appeal was whether appellant was an employee of or an independent contractor for the appellee company. *Franklin* v. *Arkansas Kraft, Inc.,* 5 Ark. App. 264, 635 S.W.2d 286 (1982). We thought that in reversing the administrative law judge's finding that Franklin was an employee, the Commission indicated that it believed the "control" test was the only test available under Arkansas law to determine whether one is an employee or an independent contractor. We reversed and remanded for the Commission to consider factors other than control. We noted that the Arkansas Supreme Court had considered the "relative nature of the work" test in *Sandy* v. *Salter,* 260 Ark. 486, 541 S.W.2d 929 (1976). *See also* 1C A. Larson *The Law of Workmen's Compensation* §§ 43.50—43.52 (1980). On remand, the Commission found that Franklin was an independent contractor under either the "control" test or the "relative nature of the work" test, and therefore not entitled to compensation. In addition, the Commission found that Franklin failed to show by a preponderance of the evidence that the appellee company was estopped to deny benefits.

On this appeal, the appellant Franklin contends that (1) substantial evidence does not support the Commission's denial of benefits, (2) the Commission erred by readopting the "control" test, and (3) appellant is entitled to benefits by estoppel. We find substantial evidence supports the decision of the Commission; therefore, we affirm.

The appellant Franklin was a pulpwood cutter who injured his back on June 15, 1978, while cutting timber under a contract with appellee Arkansas Kraft. The question of compensability has at all phases revolved around Frank-

lin's status—whether he was an employee or an independent contractor. The Commission has twice decided that he was an independent contractor. Our question in this appeal is whether the Commission had substantial evidence to find that Franklin was an independent contractor. He contends that the facts of this case are almost indistinguishable from the facts in *Silvicraft, Inc.* v. *Lambert,* 10 Ark. App. 28, 661 S.W.2d 403 (1983), wherein both the administrative law judge and the Commission found that Lambert was an employee. We affirmed the Commission's decision in *Silvicraft.* It is well settled that the determination of whether, at the time of injury, a person was an employee or an independent contractor, is a factual one, and the Commission is required to follow a liberal approach, resolving doubts in favor of employment status for the worker. *Id.* at 33, 661 S.W.2d 405. Once the Commission makes that factual determination, we view the evidence in the light most favorable to the Commission's decision, and affirm if it is supported by substantial evidence. In order to reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have arrived at the conclusion reached by the Commission. *Id.*

The question on appeal is not whether the facts at bar would have supported the opposite conclusion, but whether these facts supported the decision the Commission made. In his brief, the appellant has set out the nine factors this Court enumerated in *Franklin* v. *Arkansas Kraft, Inc.,* 5 Ark. App. at 269-70, 635 S.W.2d at 289, as guidelines for the Commission to follow in determining whether one is an employee or an independent contractor for purposes of workers' compensation coverage. Appellant has compared the pertinent facts of this case and *Silvicraft* under each factor. Without setting out all nine factors or rehashing all of the facts of both cases, we note the following distinctions:

(1) *The right to control the means and method by which the work is done.* A primary distinction between *Silvicraft* and the case at bar is that in the former, the company expected the pulpwood cutter to haul wood exclusively for that company. The employee was told

that promissory notes on equipment held by a bank and endorsed by the company would have been called had claimant worked for any other company. In the case at bar, it is undisputed that Franklin did not cut and haul wood exclusively for the appellee company, but instead worked for others as much as fifty percent of the time.

(2) *The length of time for which the person is employed.* In *Silvicraft,* the claimant had worked exclusively for and under an oral contract with the company for about a year and a half before he was injured. In the instant case, Franklin had worked under a written contract for the appellee company for five or ten years, but during that time he also worked for other lumberyards.

(3) In *Silvicraft,* the employment agreement between the parties was oral, whereas in the instant case they had a written contract that set out their respective rights and duties.

We believe that the Commission carefully considered the facts of this case that were pertinent to its determining whether appellant was an employee or an independent contractor and that substantial evidence supports its determination that he was an independent contractor.

Appellant also contends the Commission erroneously "readopted" the "control" test. In the first appeal of this case, we remanded to the Commission because no findings of fact were included in its opinion, and we could not determine what factors the Commission had considered in reaching its decision. We said that the nine factors we set out were not the only factors that conceivably could be considered in a given case and that, traditionally, the control test had been sufficient to decide most cases. On remand, the Commission set out its findings under each of the nine factors and found that Franklin failed to meet his burden of proof under either the "control" or the "relative nature of the work" test. The Commission stated that in the normal situation, the "control" test is the most important test and that the "relative nature of the work" test is only a factor to

be considered. We do not find that to be a "readoption" of the control test; the control test has not been abandoned by this Court. The Commission clearly followed our direction upon remand and considered the facts of the case in light of the various factors we set out. We find no error in that regard.

The appellant's final contention is that he is entitled to workers' compensation benefits by estoppel. Claimant again relies upon the *Silvicraft* case, here for the proposition that the company's method of calculating the workers' compensation insurance premium precludes the company's denying that appellant is covered by that insurance. However, we did not decide the estoppel issue in *Silvicraft* because our finding that substantial evidence supported the Commission's decision that Lambert was an employee made it unnecessary to reach the estoppel question.

In the instant case, we do not find that the employer's method of calculating premiums for workers' compensation benefits estops the company to deny that claimant is covered. The appellees' workers' compensation premiums are figured on the number of cords of wood delivered to Arkansas Kraft by *all* workers who are not self-insured. The method of computation is required by the Arkansas Insurance Department; it is not voluntary, but is imposed by state law upon the company. The appellant was not charged a premium for workers' compensation coverage, nor would appellant have been paid more money per cord of wood delivered had the company used some other method of computation. Appellant's employees *were* covered under the appellee's workers' compensation policy. By the method of computing premiums for companies that employ workers such as Franklin, who choose not to purchase workers' compensation insurance, the State assures protection for workers such as those Franklin hired to work for him. This case is factually different from *Stillman* v. *Jim Walter Corp.,* 236 Ark. 808, 368 S.W.2d 270 (1963), wherein the company contractually agreed to pay workers' compensation premiums and the premiums were in fact deducted from payments made to the claimant. In *Stillman,* the Court found the employer estopped to deny that Stillman was covered. *See also Voss* v. *Ward's Pulpwood Yard,* 248 Ark. 465, 452 S.W.2d 629 (1970)

(Supreme Court affirmed denial of benefits when there was neither an agreement that the company would pay premiums nor evidence that premiums were deducted from claimant's pay). We therefore find that substantial evidence supported the Commission's finding that claimant failed to meet his burden of proof under the estoppel theory.

We affirm.

Affirmed.

CRACRAFT and CORBIN, JJ., agree.