36534. BREWER *v.* PACIFIC EMPLOYERS INSURANCE COMPANY *et al.*

DECIDED FEBRUARY 18, 1957—REHEARING DENIED MARCH 4, 1957.

*Saul Blau*, for plaintiff in error.

*Harry E. Monroe*, contra.

GARDNER, P. J. We will not reiterate the evidence in detail. It discloses that the deceased was not working for Talley on March 31, 1956, the date of his death; that a witness for the claimant testified that the deceased worked for other employers and specifically that the deceased worked on Thursday, Friday and Saturday (March 31st) until 3 or 3:30 for a Dr. Baird, "then went to Comstalk's job." There was testimony that at the time of the death of the deceased he was paying off his own employees. There is considerable contention by counsel for the claimant that an argument with an employee by the name of Heard was the immediate cause of the collapse and death of the deceased. On this point Heard testified that he was arguing about time and pay due on the Comstalk job when the deceased collapsed. Heard was an employee of the deceased. The findings of fact and award of the single director adopted by the full board of the State Board of Workmen's Compensation and affirmed by the Superior Court of Fulton County reads as follows:

"This case came on to be heard before the undersigned on June 27, 1956, the object of the hearing being to determine liability, compensation and dependency. After reviewing all the evidence, including the exhibits, the case resolves down to the following issues: (a) The question of dependency; (b) the question of whether or not Algero R. Brewer was an employee of Walter L. Talley, Inc., or was an independent contractor; (c) it was contended that claimant died on March 31, 1956, and if his death was the result of a heart attack precipitated from exertion, and if so, if the exertion was done as an employee of Walter L. Talley,

Inc.; (d) and the amount of weekly wages of the said Algero R. Brewer.

"After considering all the evidence adduced at the hearing I find that Evelyn Brewer was the legal wife of Algero R. Brewer at the time of his death and that Algero Henry Richard Brewer, twenty months old, is the child of said deceased and that they are the sole surviving dependents of said deceased within the meaning of the Workmen's Compensation Act.

"From all the evidence adduced at the hearing I find as a matter of fact and conclude as a matter of law that Algero R. Brewer was not an employee of Walter L. Talley, Inc., on March 30th or 31st or any time prior thereto, but was an independent contractor. Claimant's counsel prepared and filed a very able brief which showed he had given it much study and research but the true test as to whether or not the relationship of employer and employee existed is whether or not the alleged employer had the right or exercised any control over the alleged employee and there is no evidence to show facts upon which to base the relationship of employer and employee between Walter L. Talley, Inc., and Algero R. Brewer. In the case of *Liberty Lumber Company* v. *Silas*, 49 *Ga. App.* 262 (2) [175 S. E. 265], the court used the following language: 'In claims for compensation under the Workmen's Compensation Act, where the question is whether the injured person, or the person under whom he was working, occupied the relation of an employee or of an independent contractor toward the alleged employer, the line of demarcation is often so close that each case must be determined upon its own particular facts. The chief test to be applied, however, in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Home Accident Ins. Co.* v. *Daniels*, supra [42 *Ga. App.* 648, 157 S. E. 245]; *Cooper* v. *Dixie Construction Company*, 45 *Ga. App.* 420 (2) (165 S. E. 152); *Poss Lumber Co.* v. *Haynie*, 37 *Ga. App.* 60 (2) 139 S. E. 127).'

"This rule has been consistently followed by our appellate

courts and in the case of *Fidelity & Casualty Company* v. *Windham*, 87 *Ga. App.* 198 [73 S. E. 2d 517] which is a more recent case the court cited the above case with approval.

"The third issue in the case I find as a matter of fact that the deceased did not work at all for Talley on the date of his death and of course further find as a matter of fact and conclude as a matter of law that he did not work for the said Talley as an employee but as an independent contractor laying brick at an agreed price per unit and was only required to do his work according to specifications and he hired and paid his own help. I further find as a matter of fact that on March 31st, which was on Saturday, the deceased with some other of his employees were engaged in laying brick for Dr. Baird where they worked during the morning and until about 3:30 o'clock in the afternoon and the work was heavy and hard work, then they left and went to Mr. Comstalk's and worked for some forty-five minutes and left and went to Freeman's Grocery where it was customary for Brewer to pay his help and this was late in the day on March 31st, 1956; that a misunderstanding arose between said Brewer and Willie Heard, one of Brewer's employees, as to the amount of pay in his envelope being incorrect; that said Brewer collapsed and died almost instantly from some heart condition (evidence of Dr. James C. Corry) and the heart attack was precipitated and brought about, in my opinion, by the heavy work that deceased did for Dr. Baird and Comstalk on the day of his death, and was not in any way connected with his employment of any kind with Walter L. Talley, Inc., and the claim of his widow for compensation must be denied."

"Award: Wherefore, based on the above findings of fact and conclusions of law, the claim of Evelyn Brewer, widow and Algero Henry Richard Brewer, son, claimants against Walter L. Talley, Inc., alleged employer, and/or Pacific Employers Insurance Company, insurer of said Talley, Inc., for compensation and funeral expenses, is denied."

The Superior Court of Fulton County did not err in its judgment affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*