20555.  ATLANTIC COMPANY *v.* MOSELEY *et al.*

SUBMITTED SEPTEMBER 14, 1959—DECIDED NOVEMBER 4, 1959—REHEARING DENIED NOVEMBER 19, 1959.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for plaintiff in error.

*B. C. Gardner, Jr., H. P. Burt, Smith, Gardner, Kelley & Wiggins,* contra.

HEAD, Justice. Findings of fact by a Director of the State Board of Workmen's Compensation, and approved by the full board, are conclusive on appeal if supported by any competent evidence. *Thompson-Starrett Co.* v. *Johnson,* 174 *Ga.* 656 (163 S. E. 745) ; *Fried* v. *United States Fidelity & Guaranty Co.,* 192 *Ga.* 492 (15 S. E. 2d 704) ; *Royal Indemnity Co.* v. *Coulter,* 213 *Ga.* 277 (98 S. E. 2d 899).

The amount of compensation due under our Workmen's Com-

pensation Law (where the claimant is entitled thereto) is to be calculated upon the *average weekly wages* of the employee, the *average weekly wage* being 1/13 of the wages earned in the 13 weeks immediately preceding the injury. Ga. L. 1945, p. 486; Code (Ann.) § 114-402. In the present case, the hearing director found that the sole wages paid as such to the deceased by the employer in the 13 weeks preceding the employee's death totaled $20.50. This finding is not only authorized by the evidence, but is demanded, since there is no conflict as to the amount. Whether or not the calculation made by the director as to the earnings of the deceased as a peddler is correct and supported by the evidence, need not be determined. Clearly such amounts, if made by the deceased, do not fall within the term "average weekly wages" under the Workmen's Compensation Law.

"Payment of wages, although not necessary to render one a master, is necessary to bring one within the workmen's compensation act, which contemplates that compensation shall be fixed in proportion to the employee's wages as applied to the particular injury." *Georgia Ry. & Power Co.* v. *Middlebrooks*, 34 *Ga. App.* 156 (128 S. E. 777); *Fidelity &c. Co. of N. Y.* v. *Windham*, 209 *Ga.* 592 (74 S. E. 2d 835); *West End Cab Co.* v. *Stovall*, 98 *Ga. App.* 724 (106 S. E. 2d 810).

The powers of all public officers are defined by law. Code § 89-903; *Carter* v. *Johnson*, 186 *Ga.* 167 (197 S. E. 258); *McCallum* v. *Almand*, 213 *Ga.* 701, 705 (100 S. E. 2d 924). The Workmen's Compensation Law does not vest in the board, or any director thereof, authority to classify the earnings of a peddler as wages so as to extend liability or coverage under the law.

*Judgment reversed. All the Justices concur, except Wyatt, P.J., who dissents.*