### 45058. CHEROKEE CAB COMPANY v. GOLOSH.

HALL, Presiding Judge. This is an appeal from a judgment of DeKalb Superior Court affirming an award of benefits to claimant by the State Board of Workmen's Compensation.

Cherokee owns and maintains a fleet of taxicabs and employs a dispatcher. Claimant is one of a group of men the company calls upon at various times to drive the cabs. When a customer requests a cab, the dispatcher usually sends out a general call on the radio. Any driver may bid for the job, but is not required to do so. The closest driver is sent. The drivers take each day's receipts to the office where they are split 50-50, after deducting operating expenses. The drivers do not appear on the company payroll for any purpose.

Cherokee contends that at the time of his injury claimant was not an employee within the meaning of the Workmen's Compensation Act—that the relationship of the parties was a partnership or joint enterprise. It stresses that claimant did not receive wages but rather a share of the "profits."

Claimant contends there was sufficient evidence of control by Cherokee in the time at which he would be asked to work and in the dispatching to particular jobs to support a finding that he was an employee. He also relies heavily on his testimony, as well as that of the other drivers and Cherokee's owner, to the effect the drivers worked "for" Cherokee.

The controlling authority on this question is *Atlantic Co. v. Moseley*, 215 Ga. 530 (111 SE2d 239), in which the Supreme Court held that the board had no authority to classify as wages the earnings of a peddler, even in the face of the

board's finding that the peddler scheme was adopted as a stratagem to evade the Act. In a critical analysis of this opinion, a Georgia authority on Workmen's Compensation points out that "The danger in this view is that the court seems preparing to define 'wages' in a restrictive manner and to class commissions, pay for piece work, employee 'profits' or the receipt of a bonus as 'not wages.' Such an interpretation would exclude many employees from the benefits of compensation who in the past have been readily classed as employees under the act. Properly, the definition of wages should be synonymous with earnings, and if the other requirements of the act are met, the form and manner of payment of such earnings, or whether in kind or currency should make no difference." Feild, Workmen's Compensation, 12 Mercer L. R. 209, 214.

A leading writer in this field has said: "The two indisputable principles between which the area of controversy lies are these: First, under a system of free enterprise and free contract, workers and employers must be allowed to make any arrangement they choose, and, if a worker prefers to be an entrepreneur without compensation protection rather · than an employee with compensation protection, that is his privilege; and second, it will not do to have the purposes of compensation legislation thwarted by the device of classifying workers as partners or contractors when in substance they are employees." 1A Larson, Workmen's Compensation § 46:10, p. 735. While we agree that the determination of which of these conditions exists in any given situation is best made by the fact-finder—the board, we are nevertheless bound by the decision of the Supreme Court in the *Atlantic* case.

Claimant also contends (in a negative sense) that *Fidelity & Cas. Co. of N. Y. v. Windham*, 209 Ga. 592 (74 SE2d 835), rather than *Atlantic* is controlling, as the court there based its decision on the existence of a leasing arrangement under which the claimant was not required to account to the company for the money he collected. However, this was only one of the factors the court considered in determining whether the cab company assumed the right to control the time, manner and method of executing the work. If anything, the other factors in *Windham* showed an even greater degree of control than that present here. Further, accounting to an-

other for proceeds is not as a matter of law inconsistent with a "partnership."

The trial court erred in affirming an award which the board was without authority to make under *Atlantic Co. v. Moseley* or *Fidelity & Cas. Co. of N. Y. v. Windham,* both supra.

*Judgment reversed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 6, 1970— REHEARING DENIED FEBRUARY 26, 1970—

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox,* for appellant.

*Albert P. Feldman,* for appellee.