25819. GOLOSH v. CHEROKEE CAB COMPANY.

ARGUED JUNE 9, 1970—DECIDED SEPTEMBER 10, 1970.

Albert P. Feldman, Alfred Weeks, for appellant.

Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox, II, for appellee.

HAWES, Justice. Paul Golosh was injured while driving a taxicab for Cherokee Cab Company. He applied to the State Board of Workmen's Compensation for compensation. The deputy director awarded compensation and that award was adopted by the full board. The superior court affirmed the award and the Court of Appeals reversed, basing its decision on the ruling of this court in Atlantic Co. v. Moseley, 215 Ga. 530 (111 SE2d 239). We granted certiorari because of serious questions raised by the opinion of the Court of Appeals concerning the soundness of the opinion in the Atlantic Co. case. A sufficient statement of the facts necessary to an understanding of the case is set forth in the opinion of the Court of Appeals. Cherokee Cab Co. v. Golosh, 121 Ga. App. 277 (173 SE2d 747).

The sole question presented by the application for certiorari is whether the finding by the deputy director and the board that the claimant was, at the time of the occurrence in question, a servant and employee of Cherokee Cab Company rather than an independent contractor or a partner of the cab company was authorized by the evidence. The Court of Appeals, in following the Atlantic Co. case, based its decision solely on a consideration of the manner in which Golosh was compensated by Cherokee Cab Company as a driver, and disregarded the true test of the nature of the relationship in such cases as many times set forth in decisions by this court and by the Court of Appeals. "The test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." Fidelity & Cas. Co. of N. Y. v. Windham, 209 Ga. 592, 593 (74

SE2d 835). See, also, *Yearwood v. Peabody*, 45 Ga. App. 451 (164 SE 901).

Applying the foregoing well established test to the facts in this case, it is clear that there was ample evidence to authorize the board to find a retention by the employer of the right of control over the time, manner and method of doing the work. Under the evidence, the claimant was employed to drive a taxicab owned by Cherokee Cab Company. Aside from the manner of compensation dealt with by the Court of Appeals, the evidence showed that he was employed for no definite period of time and that he could have been discharged or his services dispensed with at any time at the pleasure of the owner and president of the company. The claimant received most, if not all, of his calls to pick up passengers over the radio through the Cherokee Cab Company's transmitter. He testified that if he did not wish to go to a particular location to pick up a passenger, he simply did not reply to the radio call. This evidence shows no more than that the employer, due to the nature of the work, had, as a practical matter, little direct control over the details of the employee's work and that the employee had ample opportunity to evade supervision. However, the claimant testified that the employer could tell him when to come to work, how long to work and when to quit work, and that if he refused to obey the employer's instructions as to working hours, the employer could discharge him or refuse to let him drive a cab thereafter. We have no hesitancy in holding that, nothing else appearing, this evidence as to the power to terminate the employment alone is sufficient evidence to authorize a finding that the cab company had the right to control the time, manner and method of doing the work. As was so aptly said by the Court of Appeals in *Mitchem v. Shearman Concrete Pipe Co.*, 45 Ga. App. 809 (1) (165 SE 889), "Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor." The test is not whether the em-

ployer *did in fact control* and direct the employee in the work, but it is whether the employer had that right under the employment contract. *Swift & Co. v. Alston*, 48 Ga. App. 649, 651 (173 SE 741). As was held in the latter case, the mode of payment, while it may be a circumstance tending to indicate the nature of the relationship between the parties, it is by no means the controlling or decisive factor to be considered.

The facts in this case clearly distinguish it from the *Atlantic Co.* case. Nothing in that case requires the decision rendered by the Court of Appeals. Even if it were otherwise, that case is not a full-bench decision and it, therefore, need not be followed by this court. Whether or not Golosh was an employee of Cherokee Cab Company or engaged in a partnership endeavor with Cherokee Cab Company or was merely an independent contractor was a question of fact, and there being evidence to support the finding of the State Board of Workmen's Compensation that he was an employee, its finding on that issue is final and not subject to review by the courts. *Fried v. U. S. Fidel. &c. Co.*, 192 Ga. 492, 493 (15 SE2d 704), and cits. It follows that the Court of Appeals erred in reversing the superior court which had affirmed the award of the State Board of Workmen's Compensation.

*Judgment reversed. All the Justices concur.*