50284. UNIGARD MUTUAL INSURANCE COMPANY et al. v. HORNSBY.

DEEN, Presiding Judge.

1. In construing the exceptions to Code Ann. § 114-107, "a carpenter who is engaged with others to aid in the alteration, repair, and enlargement of the offices of a corporation doing a dairy business, which offices are

essential to the successful carrying on of such trade or business in an efficient and modern manner, and who will not be retained after the completion of such carpenter work, is an 'employee' in the service of the dairy corporation, whose employment is 'incidental' to the usual course of the trade or business of the employer." *Continental Cas. Co. v. Haynie,* 182 Ga. 608 (1) (186 SE 683).

2. In like manner, a carpenter employed by a corporation leasing premises as a trade stamp redemption center and assuming the responsibility of renovating the premises, which employed a carpenter after working hours to come in and do certain wood work for which he was to be paid for his time and reimbursed for expenses in purchasing supplies, was performing work incidental to the business of the corporation and was an employee for purposes of workmen's compensation benefits.

3. The agreement in this case was not on a "per job" basis. Whether or not there was an express contract to pay the exact sum of $3 per hour, the evidence is sufficient to indicate that there was at least an implied agreement to pay the hourly rate charged by the claimant plus reimbursement of expenses. The evidence does not demand a finding that the claimant was an independent contractor. The award in favor of the claimant, affirmed by the full board and by the superior court on appeal, is supported by the evidence. See also *Cash v. American Surety Co.,* 101 Ga. App. 379 (114 SE2d 57).

4. *Simpkins v. Unigard Mutual Ins. Co.,* 130 Ga. App. 535 (203 SE2d 742) is distinguishable in that there the principal was a contractor who normally subcontracted his building work, and the hearing director found as a matter of fact, based on the evidence in that case, that the agreement with one who was finishing certain work left over from an uncompleted subcontract, and was doing other work on a per-foot basis, was in fact an independent contractor. As to *Liberty Mutual Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE 430), where the board awarded compensation to the claimant, it is true that there was some evidence, absent here, that the employer came down from time to time to "see how the work was progressing." That is not, however, a controlling issue in

and of itself, especially where, as here, the claimant was injured on the second evening, and before much progress had been made. There is certainly no evidence in the record that he would *not* have been subject to inspection if and when the employer so desired. As stated in *Henry* (p. 870): "In determining whether a claimant in a workmen's compensation case is an employee and subject to the Act, or an independent contractor and not so subject, any doubt is to be resolved in favor of his status as an employee rather than an independent contractor."

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED FEBRUARY 25, 1975 — DECIDED MARCH 4, 1975.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellants.

*Twitty & Twitty, Frank S. Twitty,* appellee.

*Judgment affirmed. Evans and Stolz, JJ., concur.*