57266. GOOLSBY v. WILSON et al.

SMITH, Judge.

Goolsby appeals from the trial court's affirmance of the award made by the State Board of Workers' Compensation, which denied her claim involving the

death of her husband. We affirm.

A Tennessee concern, Hiawassee Sales Company, purchased a certain lot of beer from appellee Pabst Brewery Company's outlet in Perry, Georgia. Hiawassee Sales then contracted with appellee E. E. Henry, Incorporated, an interstate common carrier, for the latter to transport the beer to Tennessee. In turn, E. E. Henry hired appellee James Wilson, d/b/a Wilson Trucking Company, to perform the shipping of the beer, which Wilson's driver picked up at Wilson's residence. The deceased, Fred Goolsby, was killed in an accident which occurred when he was driving the beer to Tennessee, in performance of the trip lease arrangement between Wilson and Henry.

1. The crux of the board's denial of appellant's claim against Wilson and Henry was that they did not have three employees within Georgia and thus were not subject to the Workers' Compensation Act, by virtue of Code § 114-107. "The burden of showing the employer-employee relationship and of showing that the employer was subject to the provisions of the Act by virtue of having the requisite number of employees or that he had voluntarily accepted its provision rests upon the claimant." *Sanders Truck &c. Co. v. Napier,* 117 Ga. App. 561 (161 SE2d 440) (1968). The question of whether a person is an employee is one of fact, and, where there is any evidence to sustain the board's finding of fact, the trial court should not interfere. *Golosh v. Cherokee Cab Co.,* 226 Ga. 636 (176 SE2d 925) (1970); *Ocean Accident & Guarantee Corp. v. Farr,* 180 Ga. 266 (178 SE 728) (1934).

2. The board found that Pabst was not Wilson's employer and, on the basis of that finding, denied appellant's claim. That finding was supported by the evidence, and the trial court, again, was correct to sustain it. See Division 1, supra. Also, there was no contractual relationship between Henry and Pabst, and, assuming Code § 114-112 would otherwise be applicable, that Code section did not here apply. *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324) (1966).

3. Contrary to appellant's contention, the trial court did not exceed its authority in the prohibited manner illustrated by *Employers &c. Ins. Co. v. Videtto,* 124 Ga.

App. 458 (184 SE2d 210) (1970). Rather, in its order the court merely restated a finding made by the board.

4. Our holdings above render moot the remaining enumerations of error.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 8, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 10, 1979 — 

*Nixon & Nixon, John P. Nixon,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Dent Acree, Swift, Currie, McGhee & Heirs, Richard S. Howell,* for appellees.

James P. Wilson, *pro se.*