## Brady SANDS *v.*
## Ralph Edward STOMBAUGH

CA 83-425                                     665 S.W.2d 902

### Court of Appeals of Arkansas
### Division II
### Opinion delivered March 14, 1984

*Robert D. Stroud,* for appellant.

*Larry Dean Kissee,* for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the appellant challenges the Workers' Compensation Commission's finding that the appellee was an employee of the appellant and thus entitled to benefits for injuries he received while working for the appellant.

The appellant purchased a truck stop in April of 1982 and immediately began to remodel it for reopening the following month. The appellant was hiring new employees to operate the restaurant and to help with the remodeling. The appellee applied for work with the appellant as a cook. No openings were available for this position, but the appellee was persistent in his desire for employment. The appellant needed a cabinet built for the kitchen of his truck stop and the appellee, who professed to have carpentry skills, was given the job of constructing this cabinet. The appellant informed the appellee that the cabinet would have to be built so as to have an existing cabinet top fit it. The appellee measured the area where the cabinet was to be placed and left to pick up his tools and to purchase the materials for the job. Upon returning that same afternoon, the appellee began to build the frame for the cabinet. He worked on the back of his pickup truck. He completed the frame but found that it needed modifications so it would fit. He carried the cabinet frame back to his truck and either while altering the frame or cutting a bracket for another part of the kitchen, he suffered an injury to his hand.

The evidence in this case is not undisputed and there is some inconsistency in the testimony of the interested witnesses. There was a conflict in the testimony regarding the length of the appellee's employment, the anticipated method of payment, whether the appellee was asked to perform other jobs the day he was building the cabinet, and whether the appellee was to be retained by the appellant upon completing the cabinet.

On appeal, we review the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Office of Emergency*

*Services* v. *Home Insurance Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981). *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1979).

The issue of whether, at the time of an injury, an individual was an independent contractor or an employee, depends on the facts of each case. *Franklin* v. *Arkansas Kraft, Inc.* 5 Ark. App. 264, 635 S.W.2d 286 (1982). In determining whether an injured person is an employee or an independent contractor for purposes of workers' compensation insurance, there are a number of factors to be considered. Some of these factors are:

(1)  the right to terminate the employment without liability;

(2)  the method of payment, whether by time, job, piece, or other unit of measurement;

(3)  the right to control the means and the method by which the work is done;

(4)  the furnishing, or the obligation to furnish, the necessary tools, equipment, and materials.

The right to control the method and manner of the work is the traditional test derived from the common law master and servant type cases where the liability of the master for torts of the servant was the issue. This test is often limited in the modern context of business and commerce and has recently shown signs of yielding to the more flexible relative nature of the work test as set out in *Sandy* v. *Salter*, 260 Ark. 486, 541 S.W.2d 929 (1976); and *Franklin, supra.* This test, first articulated by Professor Larson in his treatise on Workmen's Compensation Law, has gained approval for its more realistic approach to the issues related to a worker's status. The main consideration in this test is "the relationship between the claimant's own occupation and the regular business of the asserted employer." *Sandy.* Larson, *Workmen's Compensation Law*, § 43.51 (1973).

In the case at bar, the Commission specifically adopted the detailed findings of the administrative law judge. Although all of the findings may not preponderate toward a finding of an employer/employee relationship between the

parties, we find substantial evidence to support the Commission's decision. The fact that we might, faced with the same facts, have reached a contrary conclusion does not require reversal. This Court does not determine where the preponderance of the evidence lies. The conflicts in the testimony were for the Commission to resolve. As we pointed out in *Franklin, supra,* cases involving the independent contractor versus employee question are frequently very close, as in this one. A contrary decision would undoubtedly have been supported by substantial evidence, but we cannot say that fair-minded persons, with these facts before them, could not have reached the conclusion arrived at by the Commission. Therefore we must affirm. *Office of Emergency Services* v. *Home Ins. Co., supra; Bunny Bread* v. *Shipman, supra.*

Affirmed.

CORBIN and GLAZE, JJ., agree.