Raymond E. Morrison, Ph.D. Director, Vocational Technical Education Division Arkansas Department of Education Three Capitol Mall Luther S. Hardin Building Little Rock, AR 72201-1083
Dear Mr. Morrison:
This is in response to your request for an opinion regarding a summer work study program for 14 and 15 year old at-risk youths. You state that questions have been raised in this regard in the area of workers' compensation. The program is instituted under the federal Job Training Partnership Act, (JTPA; 29 U.S.C. § 1501 et seq. (1985 Supp. 1989)), and includes twenty hours of on-the-job training per week for eight weeks, for which the participants receive minimum wage. It is my understanding that the work experience is subsidized employment for a public or private non-profit employer. The participant is hired by an employer and placed on the employer's regular payroll, and the employer is reimbursed for the cost of training in an amount not to exceed one-half of the wages paid by the employer to the participant. See29 U.S.C. § 1551 (g).
Your questions are as follows:
 1. Should these students be classed as students or employees?
 2. If they are classed as students are they subject to Workman's Compensation statutes?
It is my understanding that these questions are posed in connection with, and are focused upon, the applicability of workers' compensation laws. We have thus addressed the questions in that context. With regard to both questions, classification of the students as either "students" or "employees" will not necessarily be determinative of the workers' compensation question. This question will turn instead upon the existence of an employer-employee relationship. We have thus focused our response upon this issue.
It must be initially noted that the question of whether an employment relationship exists under the work study program and if so, which entity is the "employer", are questions of State law, based upon findings of fact. The JTPA does not purport to address the existence of an employment relationship.[1] Nor has our research disclosed any Arkansas law on point. This will, it seems, be a novel question if presented to an Arkansas court.
While the absence of Arkansas legislative or judicial authority precludes a conclusive response to your questions, we would note that there is authority in other jurisdictions for the proposition that a JTPA participant is an employee entitled to workers' compensation benefits for a compensable injury. Although the case law in this area is scant, the courts in Pennsylvania and Georgia have upheld workers' compensation awards.
In the case of Bacon v. Tucker et al., 128 Pa. Cmwlth. 575,564 A.2d 276 (1989), the Commonwealth Court of Pennsylvania held that an employer-employee relationship existed between a participant in a Summer Youth Employment and Training Program under the JTPA and the city to which the participant was referred for work by the JTPA administrative entity. The city was thus immune from tort suit by the worker for work-related injuries. The court first noted that the
In Tommy Nobis Center et al. v. Barfield, 187 Ga. App. 394,370 S.E.2d 517 (1988), the Georgia Court of Appeals upheld the lower court's finding that the JTPA program participant was an employee of the non-profit corporation that ran the handicapped training program (the Center). The state workers' compensation statute defined employee as: ". . . every person in the service of another under any contract of hire or apprenticeship, written or implied, except a person whose employment is not in the usual course of the trade, business, occupation or profession of the employer. . . ." O.C.G.A.34-9-1(2). The chief test, according to the court, is "whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work. . . ." 370 S.E.2d at 519. (Citations omitted.) Any doubt about the claimant's status as an employee must be resolved in his favor. Id. (Citations omitted.)
The facts showed that in addition to receiving classroom instruction from the Center, the claimant performed work for the Center and in performing the work was subject to the Center's supervision and control. He was paid so long as he participated in the Center's program activities, and the Center was paid from outside sources for the work performed by the claimant on its behalf. Id. The court concluded that given these facts, it could not state that the lower court erred in finding an employer-employee relationship between the Center and the JTPA program participant. Id. The court distinguished a case where benefits were denied on the grounds that the claimant was a student, not an employee, stating that the factual determination in the case before it was supported by the evidence. Id. The Georgia court did note, however, in addressing the issue of attorney fees, that a "novel, serious question" was raised regarding the claimant's employment status as a JTPA participant. 370 S.E.2d at 519. The court reflected that arguably, the claimant was not paid a wage, but rather was given a training allowance (from which taxes were not withheld). Id. The court concluded that "these facts cast legitimate doubts upon claimant's employment status", and that the employer/insurer therefore had a reasonable basis for defending the claim. The award of attorney fees was thus reversed. Id.
With regard, generally, to Arkansas workers' compensation law, "employee" mean "any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the usual course of the trade, business, profession, or occupation of the employer." A.C.A.11-9-102(2). The Arkansas Supreme Court has clearly stated that in determining whether an employment relationship exists for workers' compensation purposes, each case must be determined by its own facts. Hollingsworth Frazier v. Barnett, 226 Ark. 54, 287 S.W.2d 888 (1956). As with the Pennsylvania and George cases, supra, the question of control appears to be integral in the Arkansas courts' determination of an individual's status; but it may not be sufficient in a particular case to only consider that factor. See, e.g., Franklin v. Arkansas Kraft, Inc., 5 Ark. App. 264, 635 S.W.2d 286
(1982). Other factors that have been considered include the right to terminate employment without liability (evidencing subservience of the workman); the payment of a regular salary or the method of payment; the furnishing or the obligation to furnish the necessary tools, equipment, and materials; whether the work is an integral part of the regular business of the employer; and the withholding of taxes. See, e.g., Sands v. Stombaugh, 11 Ark. App. 38, 665 S.W.2d 902
(1984); Franklin v. Arkansas Kraft, Inc., supra; Smith v. West Lake Quarry Material Co., 231 Ark. 294, 329 S.W.2d 167
(1959).
It is my opinion that an Arkansas court would, under facts similar to those presented in the Pennsylvania and Georgia cases discussed herein, conclude that a JTPA participant is an employee for purposes of workers' compensation benefits in connection with work-related injuries. The question ultimately remains, however, to be decided on a case-by-case basis. There is no clear expression of legislative intent offering guidance on the issue, perhaps suggesting the need for legislative clarification if the goal is to arrive at a clear mandate with respect to workers' compensation coverage for these participants.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
MARY B. STALLCUP Attorney General
MBS:arb
[1] Participants in the Comprehensive Employment and Training Act (CETA) were, on the other hand, by the express provisions of that act, employees entitled to workers' compensation. 29 U.S.C. § 841-851. That act has been repealed. question of whether an employer-employee relationship exists is one of fact. 564 A.2d at 277. It then concluded that the key factor in resolving the question is evidence of actual control or the right to control the work to be performed and the manner of its performance. Id. at 279. The court seemed to presume the existence of an employment-relationship. The case is focused instead upon identifying the employer.
[2] The JTPA requires that to the extent a state workers' compensation law is applicable, workers' compensation benefits shall be available to participants in accordance with such law. 29 U.S.C. § 1553(a)(3). Otherwise, each recipient of funds under the act must secure insurance coverage for injuries suffered by participants.