The Honorable James D. Dietz State Representative 7520 Highway 107 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion concerning House Bill 1279. That Bill would exclude real estate brokers and salespersons form the Arkansas "Worker's Compensation Law", codified at A.C.A. § 11-9-101 et seq. It is noted in a letter from a local attorney that was attached to your request, that the bill has passed the Senate, but the House is reluctant to carve out another exception to the Worker's Compensation Law if real estate brokers and salespersons are already exempt under the existing statute by the very nature of the term "employee" used therein.
With these facts in mind, your question is as follows:
 Are real estate brokers and salespersons "employees" under Ark. Code Ann. § 11-9-102(2) assuming:
 1) the individual is engaged in performing acts or transactions comprehended by the definition of "real estate broker" and "real estate salesman" as found in Ark. Code Ann. § 17-305-101 et seq.;
 2) the individual is licensed as a real estate broker or salesperson by the Arkansas Real Estate Commission;
 3) substantially all remuneration, whether or not paid in case, for the performance of services is directly related to sales or other output, including the performance of services, rather than to the number of hours worked; and
 4) the services performed by the individual are performed under a written contract between the individual and the person for whom services are performed which provides that the individual is not treated as an employee with respect to those services for federal tax purposes.
The four factors above are included in House Bill 1279 as requirements for the exemption. Thus, your question is whether the exact types of persons sought to be exempted under House Bill 1279 are already exempt under current law.
The definition of "employee" at A.C.A. § 11-9-102(2) provides in pertinent part as follows:
 `Employee' means any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied. . . .
The Arkansas Supreme Court has held that in determining whether an employment relationship exists for workers' compensation purposes, each case must be determined by its own facts. JohnsonTimber Corp. v. Sturdivant, 295 Ark. 622, 752 S.W.2d 241 (1988) and Hollingsworth Frazier v. Barnett, 226 Ark. 54,287 S.W.2d 888 (1956). The right of control over the putative employee's work appears to be an integral part of the court's analysis of an individual's status as an employee; (the more control, the more likely an employment relationship exists). It may not be sufficient in a particular case, however, to consider only that factor. Franklin v. Arkansas Kraft, Inc., 5 Ark. App. 264,635 S.W.2d 286 (1982). Other factors that have been considered include the right to terminate employment without liability (evidencing subservience of the workman); the payment of a regular salary or the method of payment; the furnishing or the obligation to furnish the necessary tools, equipment, the materials; whether the work is an integral part of the regular business of the employer; and the withholding of taxes. Sands v.Stombaugh, 11 Ark. App. 38, 665 S.W.2d 902 (1984); Franklin v.Arkansas Kraft, Id.; Smith v. West Lake Quarry Material Co.,231 Ark. 294, 329 S.W.2d 167 (1959).
Your question refers to a licensed real estate broker or salesperson whose compensation is substantially related to sales rather than the number of hours worked, and who has an employment contract which provides that the broker or salesperson is not treated as an employee for federal tax purposes. These two factors will be considered as evidence of whether an employer/employee relationship exists, but they may not be determinative in every case. The courts will view each case on its own particular facts, taking into account all of the relevant factors.
The definition of "employee" as set out in the statute is very limited. The question of whether an individual is an "employee" for worker's compensation purposes has instead been resolved on a case-by-case basis by the courts of our state. It is conceivable that under this case-by-case review, some real estate brokers and salespersons could be classified as "employees" and some could not. It is my opinion that the current statute, A.C.A. §11-9-102, does not itself definitively provide that real estate brokers and salespersons are exempt from the Worker's Compensation Law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb