MOUNTAIN HOME MANUFACTURING *v.*
David K. HAFER

CA 98-1196

991 S.W.2d 127

Court of Appeals of Arkansas
Division III
Opinion delivered April 14, 1999

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellant.

*John A. Crain*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellee David K. Hafer brought a workers' compensation claim against appellant Mountain Home Manufacturing, alleging that he sustained compensable pulmonary injuries when his left lung collapsed on April 16, 1996, and again on May 13, 1996. The Workers' Compensation Commission found his pulmonary condition to be compensable and awarded related medical benefits and temporary total disability benefits. Mountain Home Manufacturing now appeals, raising two arguments for reversal.

First, it contends that the Commission erred in its construction and application of Ark. Code Ann. § 11-9-114 (Repl. 1996), which provides:

(a) A cardiovascular, coronary, pulmonary, respiratory, or cerebrovascular accident or myocardial infarction causing injury, illness, or death is a compensable injury only if, in relation to other factors contributing to the physical harm, an accident is the major cause of the physical harm.

(b)(1) An injury or disease included in subsection (a) of this section shall not be deemed to be a compensable injury unless it is shown that the exertion of the work necessary to precipitate the disability or death was extraordinary and unusual in comparison to the employee's usual work in the course of the employee's regular employment or, alternately, that some unusual and unpredicted incident occurred which is found to have been the major cause of the physical harm.

(2) Stress, physical or mental, shall not be considered in determining whether the employee or claimant has met his burden of proof.

Specifically, the appellant argues that the Commission erred in finding that circumstances elevated Mr. Hafer's normal work activities to the level of extraordinary and unusual exertion on April 16, 1996. The appellant's remaining argument is that the decision of the Commission is not supported by substantial evidence. We find no error and affirm.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners v. Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc. v. Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

At the hearing before the Commission, Mr. Hafer testified on his own behalf. He stated that he was employed with Mountain Home Manufacturing as a truck loader. On April 16, 1996, he was loading steel I-beams that were ten to fifteen feet in length and weighed 370 pounds. One of his co-workers was lifting the I-beams with a forklift, and Mr. Hafer was seeing to it that the I-beams were balanced so that they would not fall off the forklift as they were being loaded. Mr. Hafer testified that "I was trying to scoot the beams over to get them balanced" and "when I lifted up, I felt something." At first he thought he had hurt his back, but soon realized that this was not the problem when he became short of breath and felt tired. He discontinued working, and on the following day he visited his family physician, Dr. Paul Wilbur.

Dr. Wilbur diagnosed a left pneumothorax and referred Mr. Hafer to Dr. William Ford. Dr. Ford admitted Mr. Hafer into the hospital, where he stayed for two days. While there, Mr. Hafer was treated with oxygen and the placement of a chest tube. After being released, he rested for two weeks and returned to work.

Mr. Hafer testified that, on May 13, 1996, he suffered another injury at work. On that day, he was assisting in lifting some long scraps of metal when he suffered a recurrence. He went to the emergency room, and was treated by Dr. Ford on the following day. Mr. Hafer underwent a surgical procedure and remained hospitalized for eight days. Thereafter, he took about a month off work. Then, upon realizing that he wasn't physically able to return to work for Mountain Home Manufacturing, he began working as a manager for a fast-food restaurant.

On cross examination, Mr. Hafer was asked about the level of exertion that he encountered on April 16, 1996, when he first suffered an injury. Mr. Hafer testified:

> The exertion I did on April 16 wasn't necessarily unusual. I had exerted myself like that many times before, and there was nothing out of the ordinary on this day. The exertion for the I-beams on April 16 was more than for the scrap pieces on May 13.

On redirect examination, Mr. Hafer testified:

> The unusual fact about this day was that we were in a rush to get the truck out. If I recall correctly, it was supposed to leave that afternoon and it wasn't going to leave. We were rushed to get it out. That is why I had to help. Normally I would be by myself on a truck. Also, the way it was stacked was unusual.

Mr. Hafer also indicated that, for the type of lifting that he was performing that day, there was normally more help and more equipment.

In the Commission's opinion, it acknowledged Mr. Hafer's testimony in which he denied doing anything out of the ordinary on the day of the initial injury. However, it nonetheless found that he satisfied the requirements of Ark. Code Ann. § 11-9-114 (Repl. 1996), and that he established entitlement to compensation. The Commission reasoned:

> Claimant's foregoing testimony notwithstanding, a careful review of his earlier comments leads us to the conclusion that he was engaged in "extraordinary" exertion when his first pneumothorax occurred. For instance, claimant testified that another forklift would have normally been used to assist with the task now at issue. However, none were available and, at the same time, a "rush" was on the job "because the truck needed to leave." Claimant thus found himself trying to "scoot" 370 pound I-beams into proper position on a forklift with nothing more than his own physical effort. Furthermore, while claimant acknowledged that he had been involved with moving heavier items, he also stated that "we always had more help and more equipment for that kind of thing." So far as claimant could recall, the I-beams were the heaviest type of item that two people had "tried to do." We are persuaded that these circumstances elevated claimant's otherwise normal work activity to the level of "extraordinary and unusual" exertion on April 16, 1996, which in turn precipitated claimant's resulting pneumothorax.

The appellant's first point on appeal is that the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-114(b)(1) (Repl. 1996). It asserts that the Commission erroneously concluded that, because the circumstances on April 16, 1996, were unusual, the pulmonary disorder was compensable.

The appellant submits that the correct test is whether the exertion, not the circumstances, was extraordinary and unusual in comparison to Mr. Hafer's normal work activities, and further submits that the exertion on the day at issue was not unusual and thus did not give rise to a compensable pulmonary injury.

■ We disagree with the appellant's first contention. It is apparent from its opinion that the Commission did not base its conclusion on unusual circumstances alone. Instead, it stated, "We are persuaded that these circumstances elevated claimant's otherwise normal work activity to the level of 'extraordinary and unusual' *exertion* on April 16, 1996[.]" (Emphasis ours.) Therefore, it correctly construed and applied the applicable statute.

The appellant's remaining argument is that the Commission's decision is not supported by substantial evidence. It contends that no substantial evidence supports the conclusion that Mr. Hafer's exertion on April 16, 1996, was extraordinary or unusual, particularly in light of his own testimony to the contrary. The appellant also contends that the Commission erred in finding a causal connection between Mr. Hafer's work and his injury. For this proposition, the appellant cites the following excerpt from the Merck Manual of Diagnosis and Therapy:

> Spontaneous pneumothorax: Air enters the pleural space without antecedent trauma. The process is known as simple spontaneous pneumothorax when it occurs in a previously healthy person with only localized pulmonary disease. . . . Most spontaneous pneumothoraces occur without associated exertion.

The appellant argues that, because most spontaneous pneumothoraces occur without exertion, a fair-minded person could not conclude that the exertion involved in this case was causally connected with Mr. Hafer's pneumothorax.

■ ■ We find that there was substantial evidence to support the Commission's decision. While Mr. Hafer testified that his job was usually strenuous and often involved heavy lifting, he also enumerated factors that demonstrated unusual and extraordinary exertion on the day of employment at issue. He stated that

he was in a hurry due to time constraints, that more equipment and help was normally implemented to lift the I-beams, and that the beams were the heaviest items that two people tried to lift. As for the appellant's argument that there was lack of evidence as to causation, we note the following opinion expressed in a letter written by Dr. Ford:

> Mr. Hafer was seen in my office today. Now that he is four weeks from his recurrent spontaneous pneumothorax, I was able to visit with him and answer his questions regarding the reason for these two spontaneous lung collapses.

> David revealed to me that on both occasions, these incidents happened while he was working. During the first incident David was lifting and straining to pick up some heavy material. The type of work that David does is a large contributor to these pneumothoraxes. Since both of these episodes happened while he was working, I feel very strongly that this condition is indeed work related.

The Commission was entitled to believe the opinion of Mr. Hafer's treating physician, and it amounted to substantial evidence that Mr. Hafer's injuries were caused by his work activities.

Affirmed.

PITTMAN and CRABTREE, JJ., agree.