2011 Ark. App. 568

**Cynthia GRADY and Jeremy Grady, Appellants**

v.

**ESTATE OF Carlie SMITH, Noah Grady d/b/a Bunker Hill Golf Course, and Porchie Grady d/b/a Bunker Hill Golf Course, Appellees.**

**No. CA 11–275.**

Court of Appeals of Arkansas.

Sept. 28, 2011.

James Troy Gaston, Greenwood, for appellants.

Heather Mood, Jim L. Julian, Little Rock, for appellees.

RITA W. GRUBER, Judge.

This workers' compensation appeal is brought by Cynthia Grady and Jeremy Grady, widow and son of Dennis J. Grady Jr., who sustained a fatal-crush injury while driving a tractor with a bush hog and mowing lots adjacent to the Bunker Hill Golf Course. Appellees are the estate of Carlie Smith, who owned and leased the lands involved,[1] and brothers Noah Grady and Porchie Grady, d/b/a Bunker Hill Golf Course, who appeared at the hearing in this case and were uninsured.

The administrative law judge conducted the hearing on appellants' claim for medical benefits, funeral expenses, and benefits for a widow and dependent child. The law judge determined that Dennis J. Grady Jr. was an employee and not an independent contractor. This determination was based on the following findings:

> [T]he decedent was performing unskilled labor, he was being paid by the hour or week, either party could terminate the employment relationship at any time without liability, the decedent did not work for anyone else during this time period, the employer provided all the equipment and supplies needed to perform the work, the employer gave instructions on occasion, the decedent did not own his own business, the work decedent performed was an integral part of the regular business and the length of time employed was indefinite.

The law judge also determined that the decedent was performing employment services on May 9, 2007, when he was fatally injured, and the injury was compensable; that Porchie Grady remained a principal in Bunker Hill Golf Course, LLC, in 2007, although he had removed himself from day-to-day activities due to health reasons

---

1. Carlie Smith died during the pendency of this litigation.

and was no longer an employee; that Porchie and Noah Grady were the principals in Bunker Hill Golf Course, LLC; and that they were the employers. The estate of Carlie Smith was dismissed.

The Commission affirmed and adopted the opinion of the law judge. Appellants contend on appeal, as they did below, that Carlie Smith was the de facto owner and employer of Bunker Hill Golf Course. We disagree and affirm the Commission's decision.

In determining whether an injured person is an employee or an independent contractor for purposes of workers' compensation coverage, the Commission determines the weight to be given various factors. *Riddell Flying Serv. v. Callahan*, 90 Ark.App. 388, 206 S.W.3d 284 (2005). Among the factors that may be considered are these:

(1) the right to control the means and the method by which the work is done;

(2) the right to terminate the employment without liability;

(3) the method of payment, whether by time, job, piece, or other unit of measurement;

(4) the furnishing, or the obligation to furnish, the necessary tools, equipment, and materials;

(5) whether the person employed is engaged in a distinct occupation or business;

(6) the skill required in a particular occupation;

(7) whether the employer is in business;

(8) whether the work is an integral part of the regular business of the employer; and

(9) the length of time for which the person is employed.

*Id.* The ultimate question is not whether the employer actually exercises control over the doing of the work but whether he has the right to control, with resolution of the issue depending upon the facts of each case. *Id.* "Right of control" is the principal factor in determining whether the relationship is one of agency or independent contractor. *D.B. Griffin Warehouse, Inc. v. Sanders*, 336 Ark. 456, 986 S.W.2d 836 (1999).

We view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Silvicraft, Inc. v. Lambert*, 10 Ark.App. 28, 661 S.W.2d 403 (1983). In order to reverse a decision of the Commission, we must be convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Id.*

In a written agreement of February 28, 2003, Mr. Smith and his wife leased to Noah Grady and Porchie Grady, d/b/a Bunker Hill Golf Club, LLC, approximately 200 acres with platted lots and improvements, including the golf course and equipment shed, for a term of ten years. The lessee was to pay monthly rent, and a formula allowed a portion of any lot sales to reduce the price of an option to purchase the premises. Appellants argue that the lease was "bogus" because Mr. Smith held title to the land, the Grady brothers owed him money under the lease, he had loaned them money and equipment, and a 2005 workers' compensation claim for appellant Cynthia Grady, signed by Porchie Grady, listed the employer as Bunker Hill Golf Club/Carlie Smith. Appellants point to Mr. Smith's statement in his June 2008 deposition that in 2004, hoping that the brothers could succeed with the golf course and operate it in the black, he loaned them $100,000 to pay $80,000 payments in overdue rent. Appellants conclude that Mr. Smith was in complete

control of Porchie and Noah Grady, thus having control of Dennis J. Grady Jr. and other employees.

For purposes of workers' compensation, an employer is an "individual, partnership, limited liability company, association, or corporation carrying on any employment, the receiver or trustee of the same, or the legal representative of a deceased employer." Ark.Code Ann. § 11–9–102(10) (Supp. 2011). No agreement by an employee to waive his right to compensation shall be valid, and no contract or device shall operate to relieve the employer from workers' compensation liability, except as specifically provided by statute. Ark.Code Ann. § 11–9–108(a) (Supp.2011).

In *Eisen v. Black & White Cab Co.*, 244 Ark. 1007, 428 S.W.2d 56 (1968), Black & White held legal title to the twenty-three cabs it operated, and it furnished services such as two-way radios, dispatcher services, and a mechanical department. The Commission's opinion included this discussion:

Black & White has an arrangement with the various cab owners whereby legal title to all the vehicles is registered in the name of Black & White irrespective of the equity of the individual cab owner. Such registration makes it possible for Black & White to obtain the required liability insurance on all cabs, for which the Company pays the premiums;

Claimant Eisen owned no equity in the cab he was driving. That vehicle was actually owned by Frank Braswell, who operated it on the day shift. Braswell was buying the car under a conditional sales contract. Eisen operated it at night. For the purposes already described, the legal title was in Black & White. Claimant's arrangement to drive the car was made with Frank Braswell. Black & White advertises for drivers

and when an applicant reports he is referred to a particular owner who needs a relief driver[.]

Each Black & White driver could accept or reject a call from the dispatcher, who would call another cab if needed. Work periods were not prescribed by the company. Actual owners could use the vehicle for family or personal uses; they were not required to utilize the company's mechanical services; and owner-operators were responsible for gas, oil, and repairs. Neither owners nor relief drivers made an accounting of fares to the company, nor did relief drivers account to owners. Mr. Eisen would leave a fee in the company's office at the end of his shift, of which the company kept one-half and the balance was credited to Braswell. The company withheld no taxes, and Eisen filed his income tax return as self-employed. The Commission found the company's explanation for holding legal title to be plausible and found that the cab company was not an employer. Therefore, Mr. Eisen was not an employee of Black & White, and his claim against the company was denied. The supreme court found that substantial evidence supported the Commission's decision.

Here, the fact of Mr. Smith's owning legal title to the golf course and lots was simply one factor to be considered in deciding whether he was Dennis J. Grady Jr.'s employer. Mr. Smith stated in his 2008 deposition that had he been aware Noah and Porchie Grady had quit carrying liability insurance, as the lease required them to do, he would have "seen to it," but he was unaware they did not carry workers' compensation insurance and was unsure if it would have been his right to advise them to do so. He said that he "never really questioned after Porchie left, who was making decisions and in charge of the course," but he occasionally asked the

brothers for updates "on lot sales and any legal problems that we had there." He stated that the $80,000 they paid on the $100,000 he loaned them went toward rent on the real estate or payments on golf carts. He said that he expended no other money for benefit of the course, but in his own interest had paid their real-estate taxes to prevent the land being sold at auction. Finally, he stated that he had nothing to do with the course's operation.

Dennis J. Grady Sr. testified to his belief that Mr. Smith did not truly lease the property to Noah and Porchie Grady. Contending that the lease was a sham, Grady Sr. asserted that "if Mr. Smith retained the right to have insurance ... he would have taken out the insurance on his property that he has leased.... I would also say that it makes him the employer of my son." Grady Sr. contended that Mr. Smith was in control of what went on, despite never indicating by words that he was running day-to-day operations of the golf course.

Porchie Grady testified that he and Noah leased golf carts and the course from Mr. Smith, who also bought the equipment to maintain the premises; that about $400,000 was to be drawn on to bring the course up to standards; that the brothers had to operate the course; that they were trying to sell lots, with profits to be split fifty-fifty with Mr. Smith; and that the only lots they ever sold could not close because of problems with the title. Porchie testified that he had asked Mr. Smith, who had not wanted to be a part of any golf course, to lease the course to the brothers as a favor. Porchie testified that he never formally terminated the lease, but he had talked to Mr. Smith about leaving and eventually did so.

Porchie further testified that he never apprised Mr. Smith, whom he thought was financially aware of what was going on, of what went on daily, weekly, or otherwise. He said that Mr. Smith had nothing to do with operation of the course or talking to him about it; was never engaged in management of the LLC; was there occasionally, usually for less than thirty minutes; never hired an employee or independent contractor; and never did any firing. Porchie stated that when he bought insurance, he listed Mr. Smith as the employer to get a better rate, but Mr. Smith did not assist in setting up the insurance and the golf course paid the premiums.

Cynthia Grady testified that when she was employed at Bunker Hill and had a workers' compensation claim, someone else filled in the part of her paperwork that showed Mr. Smith as an employer. She said that Mr. Smith did not sign her checks, was not at the course when she worked, did not hire her or tell her what to do, did not hire or fire others, and did not run the golf course, corporation, course's operation, pro shop, or concession stand. Aaron Grady and Anthony Petty testified that they never saw Mr. Smith and he did not hire them, fire them, or sign their checks; Petty said that he saw Mr. Smith at the course once.

Noah Grady stipulated that he alone operated the course, hired Dennis Grady Jr., and "carried the contract." At the hearing he testified that the business had not been profitable, that in 2007 he dropped the workers' compensation insurance and attempted to eliminate statutory employees, and that all persons who continued working there were independent contractors and were so advised.[2] He

---

**2.** It was disputed at the hearing whether Dennis Grady Jr. actually signed a document stating that he was a sub-contractor. Because of

the integrity of the faxed and photocopied document furnished to appellants' handwrit-

agreed that Mr. Smith had nothing to do with operation of the golf course, never attempted to interfere or control management, had no signature authority on bank accounts, and did not attempt to hire or fire employees. Noah testified that he and his brother had complete control of the course's operation, and that Mr. Smith never told him what he was to do.

Noting the testimony that Mr. Smith had no involvement in the management of the golf course or in the employment there, the Commission found that he was not a part of the Bunker Hill Golf Course, LLC; that his involvement was merely owning the land where the golf course was, along with some adjoining lots; and that he leased the land to Noah Grady and Porchie Grady. The Commission concluded that Mr. Smith therefore had not been an employer in this case and should be dismissed.

█ We find no merit to appellants' argument that Mr. Smith was the de facto owner and employer of Bunker Hill Golf Course. His ownership of the land on which the golf course was situated, and his leasing of equipment to the course, were simply factors that the Commission considered before concluding that Noah Grady and Porchie Grady were the principals of Bunker Hill Golf Course, LLC, the employer of the decedent at the time of his fatal accident. Testimony before the Commission, along with the lease agreement, support the Commission's findings that Mr. Smith was not involved in hiring or firing any employees, the decedent was hired solely by Noah Grady, Mr. Smith was not involved in management or operation of the course, he had nothing do with the decedent's salary, and he had no obligation to supply equipment to the club and its employees. Substantial evidence there-

fore supports the dismissal of the estate of Carlie Smith from this workers' compensation claim.

Affirmed.

GLADWIN and WYNNE, JJ., agree.

ing expert, the law judge gave little weight to his opinion.